■ EUGENE GILMARTIN, Respondent, v. NORMAN MOSKOWITZ et al., Appellants, et al., Defendants.— In a medical malpractice and negligence action to recover damages for personal injuries, defendants Moskowitz and the County of Nassau appeal, as limited by their notice of appeal and their brief, from so much of a judgment of the Supreme Court, Nassau County, entered February 14, 1973, as is against them and in favor of plaintiff, upon a jury verdict of $50,000. Judgment reversed insofar as appealed from, on the law, and, as between plaintiff and said appellants, action severed and new trial granted, solely on the issue of damages, with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to $30,000 and to the entry of an amended judgment in accordance therewith, in which event the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs. We have considered the questions of fact and have determined that we would not grant a new trial upon those questions. We are of the opinion that the verdict was excessive to the the extent indicated herein. Gulotta, P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.

■ ABRAHAM GOLDENBERG, as Administrator of the Estate of DORA GOLDENBERG, Deceased, Appellant, v. CITY OF NEW YORK et al., Respondents.— In a negligence and nuisance action to recover damages for personal injuries sustained by plaintiff's intestate, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered July 26, 1972, in favor of defendants, upon the trial court's dismissal of the complaint at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not raise questions of fact. The trial was the second jury trial of this case. At this second trial plaintiff presented the identical evidence that had been placed in the record at the first trial. At the end of plaintiff's case in the first trial, the court granted a motion to dismiss the complaint. On appeal, this court reversed and granted the new trial on the ground that plaintiff had made out a prima facie case (Goldenberg v. City of New York, 39 A D 2d 571). A trial court to which an action has been remitted by an appellate court for a new trial has no jurisdiction to review matters decided by the appellate court (Zornstein v. Podwitz, 229 App. Div. 167, affd. 254 N. Y. 443). Gulotta, P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.

■ In the Matter of DANIEL B. (ANONYMOUS), Appellant. Appeal from so much of an order of the Family Court, Kings County, entered October 18, 1972, as, after adjudging appellant as being a juvenile delinquent, ordered him placed with the Division for Youth (New York State Training School) for a period of 18 months. Order reversed insofar as appealed from, without costs, and proceeding remitted to the Family Court for further dispositional proceedings. In our opinion, it was an abuse of discretion to commit this infant to the State Training School, in view of the fact that the probation officer admitted that, after appellant's rejection by Lincoln Hall because of his asthmatic condition, no other private agency referrals were made (see Matter of Edward S., 37 A D 2d 977). Gulotta, P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.