■ GWENDOLYN GRAY, Appellant, v KATHLEEN MCPARLAND et al., Respondents. [679 NYS2d 683] —In an action to recover

damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Murphy, J.), entered July 15, 1997, which, upon a jury verdict, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries resulting from an automobile collision. The defendants admitted liability, and a trial was held on the issue of whether, as a result of the collision, the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). The jury found in favor of the defendants.

The plaintiff argues that the jury's verdict should be set aside because it is against the weight of the evidence. A verdict should not be set aside unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached upon any fair interpretation of the evidence (*see, Keegan v Prout,* 215 AD2d 629, 630; *see also, Nicastro v Park,* 113 AD2d 129, 134). Great deference should be given to a jury's determination, particularly in negligence actions where the verdict is in favor of the defendant (*Nicastro v Park, supra,* at 134). Although there was conflicting testimony from medical experts on the issue of whether the collision caused the plaintiff's shoulder and knee injuries, the credibility of the testimony of these witnesses, and the weight to be accorded to each, were issues which were properly left to, and resolved by, the jury (*see, Holbrook v Jamesway Corp.,* 172 AD2d 910, 911; *Sorokin v Food Fair Stores,* 51 AD2d 592, 593). The jury's verdict was not against the weight of the evidence.

The plaintiff's remaining contentions are without merit. Sullivan, J. P., Altman, Krausman and Florio, JJ., concur.