■ BELIN CABRERA et al., Respondents-Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant-Respondent. [708 NYS2d 429] —In an action to recover damages for medical malpractice, etc., the defendant New York City Health and Hospitals Corporation appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Berke, J.), entered December 7, 1998, as, upon a jury verdict, and upon orders of the same court reducing the verdict, is in favor of the plaintiff Belin Cabrera and against it in the principal sum of $20,976,915, representing $987,466 for past medical and custodial costs, $15,939,189 for future medical and custodial costs, $200,000 for past pain and suffering, $950,260 for future pain and suffering, and $2,900,000 for future loss of earnings, and the plaintiffs cross-appeal, on the ground of inadequacy, as limited by their brief, from so much of the same judgment as is in favor of the plaintiff Belin Cabrera and against the defendant in the principal sum of $200,000 for past pain and suffering and $950,260 for future pain and suffering.

Ordered that the cross appeal by the plaintiff Arlette Cabrera, individually, is dismissed, without costs or disbursements, as she is not aggrieved by the portion of the judgment cross-appealed from (*see,* CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law, the facts, and as a matter of discretion, by deleting the provisions thereof awarding damages for future medical and custodial costs and future loss of earnings and substituting therefor a provision granting a new trial with respect thereto; as so modified, the judgment is affirmed insofar as reviewed, with costs to the plaintiffs, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, Arlette Cabrera shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the verdict as to damages for future

medical and custodial costs from the sum of $15,939,189 to the sum of $3,600,000, and for future loss of earnings from the sum of $2,900,000 to the sum of $850,000; in the event Arlette Cabrera so stipulates, then the judgment, as so decreased and amended, is affirmed insofar as reviewed, without costs or disbursements.

Due to the medical malpractice of a hospital operated by the defendant in connection with the performance of a spinal tap on the then 8-month-old plaintiff, the infant plaintiff sustained severe, permanent injuries, including bilateral hypoxic encephalopathy, spastic quadriplegia, cortical blindness, and mental retardation.

The court erred in deducting only $100,000 representing Federal, State, and local personal income taxes from the award for future loss of earnings. Under CPLR 4546, an award for loss of earnings in a medical malpractice action must be reduced by the amount of Federal, State, and local personal income taxes that the court finds, with reasonable certainty, that the plaintiff would have been obligated by law to pay (see, CPLR 4546 [1], [2]). The defendant's affidavit from its economic expert stating that the infant plaintiff would have been obligated to pay Federal, State, and local personal income taxes at a rate of 23.75% was not refuted by the infant plaintiff. Accordingly, the court should have reduced the award for future lost earnings by deducting personal income taxes at a 23.75% rate.

The jury verdict on the issues of future medical and custodial costs and future loss of earnings deviates materially from what would be reasonable compensation and is excessive to the extent indicated (see, CPLR 5501 [c]; *Contorino v Florida OB/GYN Assn.*, 259 AD2d 460; *Nevarez v New York City Health & Hosps. Corp.*, 248 AD2d 307).

The parties' remaining contentions are without merit. Ritter, J. P., S. Miller, McGinity and Feuerstein, JJ., concur. [As amended by unpublished order entered Oct. 6, 2000.]