■ MARILYN JUMP, Appellant, v THOMAS FACELLE et al., Defendants, and RAMAPO VALLEY SURGICAL ASSOCIATES, P. C., et al., Respondents. [712 NYS2d 162] —In an action, *inter alia*, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Rockland County (Sherwood, J.), entered October 13, 1998, as, upon an order of the same court dated September 10, 1998, granting that branch of the motion of the defendant Janis Pastena which was to set aside a jury verdict in favor of the plaintiff and against her, is in favor of the defendants Janis Pastena, Janis Pastena, P. C., and Ramapo Valley Surgical Associates, P. C., and against her, dismissing the complaint.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Janis Pastena which was to set aside the verdict in favor of the plaintiff and against her is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings including, *inter alia*, a determination of the remaining branches of the motion.

The plaintiff's expert testified that the defendant, Dr. Janis Pastena, was negligent in that she did not perform a certain surgical procedure on the plaintiff's decedent during the approximately 11-hour period between her initial assessment of the decedent's condition on the evening of August 18, 1991, and the time that the defendant Dr. Mandell Ganchrow, the physician for whom she was covering, evaluated the deceased and decided on the need for surgery the following morning. With respect to the issue of causation, the plaintiff's expert gave the following testimony:

"Q. Doctor, for each day that the proper steps, according to you, were not done, did that reduce [the decedent's] chances of survival?

"A. Yes.

"Q. For each day that the proper steps were not done, did that increase the damage to this man that the infection was causing?

"A. Yes.

"Q. That would include the failure to operate on the evening of the 18th?

"A. Yes."

This testimony tends to establish that the negligent delay of 11 or 12 hours in performing surgery, for which Dr. Pastena can be considered responsible, increased the harm to the decedent by infection, and decreased his chances of survival. There is also evidence in the record which tends to support a finding that the decedent was not septic on the evening of the 18th, but that he had become so by 9:00 A.M. the next morning. In other words, there is evidence that the decedent's condition worsened significantly while Dr. Pastena was responsible for him.

Under these and all the other circumstances revealed in the record, we conclude that there was legally sufficient evidence of causation. In cases of this nature, the plaintiff's expert need not quantify the exact extent to which a particular act or omission decreased a patient's chances of survival or cure, as long as the jury can infer that it was probable that some diminution in the chance of survival had occurred (see, Mortensen v Memorial Hosp., 105 AD2d 151; Provost v Hassam, 256 AD2d 875; Fridovich v David, 188 AD2d 984).

The sufficiency of the evidence against Dr. Pastena, both as to negligence and as to causation, is not diminished by the fact that the jury exonerated her co-defendant, Dr. Ganchrow, despite proof that he did not immediately perform the same surgery. Assuming that the verdict is inconsistent in that respect, this circumstance would not justify setting aside the verdict in favor of the plaintiff and dismissing the complaint. For these reasons, we do not agree with the Supreme Court that the verdict against Dr. Pastena was not supported by legally sufficient evidence. We also find that the verdict was not against the weight of the evidence.

Because the Supreme Court set the verdict aside and dismissed the complaint based on the supposed legal insufficiency of the evidence, it did not address the remaining requests for relief made in the posttrial motion now under review. The matter must be remitted to the Supreme Court, Rockland County, for further proceedings including, inter alia,

the determination of the branch of the motion which was addressed to the alleged excessiveness of the damage awards, and the remaining branches of that motion. Bracken, J. P., Ritter, Santucci and S. Miller, JJ., concur.