■ SHIRLEY WONG, Appellant, v JAMES S. TANG, Respondent. [769 NYS2d 381]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Steinhardt, J.), dated October 18, 2002, which, upon granting the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law made at the conclusion of the plaintiff's case, dismissed the complaint for failure to make out a prima facie case.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational process by which the jury could find for the plaintiff against the moving defendant (*see Lyons v McCauley*, 252 AD2d 516, 517 [1998]; *Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440 [1996]). The plaintiff's evidence must be accepted as true, and the plaintiff is entitled to every favorable inference which can be reasonably drawn therefrom (*see Farrukh v Board of Educ. of City of N.Y., supra; Zboray v Fessler*, 154 AD2d 367 [1989]; *Pontiatowski v Baskin-Robbins*, 91 AD2d 1035 [1983]).

The plaintiff's medical expert witness testified, inter alia, that upon diagnosing the decedent as suffering from a myocardial infarction, the defendant's failure to call for an ambulance to transport the decedent to a hospital was a departure from good and accepted standards of medical care which was a substantial factor in causing the decedent's death (*see Cavlin v New York Med. Group*, 286 AD2d 469, 470 [2001]; *Jump v Facelle*, 275 AD2d 345, 346 [2000]; *Mortensen v Memorial Hosp.*, 105 AD2d 151, 158 [1984]). "It was not necessary for the plaintiff to eliminate every other possible cause of the decedent's death" (*Cavlin v New York Med. Group, supra* at 470; *see Mortensen v Memorial Hosp., supra*). The plaintiff simply had to show that "it was probable that some diminution in the chance of survival had oc-

curred" (*Jump v Facelle, supra* at 346; *see also Cavlin v New York Med. Group, supra*). The plaintiff's expert's testimony satisfied this burden.

The defendant's remaining contentions are without merit. Altman, J.P., S. Miller, Goldstein and Crane, JJ., concur.