ROSA FELLIN et al., Appellants, v VIVEK S. SAHGAL, Defendant, and LONG ISLAND COLLEGE HOSPITAL, Respondent. [826 NYS2d 731]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Barasch, J.), dated July 13, 2004, which granted that branch of the motion of the defendant Long Island College Hospital which was, in effect, to set aside a jury verdict in favor of the plaintiffs and against it and for judgment as a matter of law dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, that branch of the motion of the defendant Long Island College Hospital which was, in effect, to set aside the jury verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against it is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The facts of this medical malpractice action were recited in a prior decision and order of this Court (*see Fellin v Sahgal*, 296 AD2d 526 [2002]). In the prior decision and order we found the evidence, on the record of the first trial, to be legally sufficient to establish proximate cause owing to the delayed treatment of the injured plaintiff, David Fellin, but that the verdict was

against the weight of the evidence, inter alia, on the issue of proximate cause. We therefore remitted the case for a new trial.

The new trial was conducted and, after another jury verdict in favor of the plaintiffs, the remaining defendant, Long Island College Hospital (hereinafter the defendant), moved to set aside the verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against it. The defendant asked, inter alia, to set aside the verdict as against the weight of the evidence or for a remittitur of damages on the ground that they deviated materially from what would be reasonable compensation (see CPLR 5501 [c]). The Supreme Court addressed only that branch of the defendant's motion which was to set aside the verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against it (see CPLR 4404 [a]). The court found that the defendant took all appropriate actions within the time frames consonant with good and accepted medical practice and that there was no rational basis upon which the jury could have found that the defendant's delay was a proximate cause of David Fellin's injury. This was error and we reverse.

As we wrote in the earlier appeal in this case (see *Fellin v Sahgal, supra* at 528), to conclude as a matter of law that a jury verdict is not supported by sufficient evidence, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Nicastro v Park*, 113 AD2d 129, 132 [1985] [internal quotation marks omitted]; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). As on a motion pursuant to CPLR 4401 for judgment during trial at the close of a plaintiff's evidence, the standard on a motion to set aside a verdict pursuant to CPLR 4404 (a) as a matter of law is whether the jury could find for the plaintiff by any rational process, and in this analysis the evidence in favor of the plaintiff must be accepted as true and the plaintiff given every favorable inference that can reasonably be drawn therefrom (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Wong v Tang*, 2 AD3d 840 [2003]; *Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440, 441 [1996]; Siegel, NY Prac §§ 405, 408, at 685, 691 [4th ed]).

Applying this standard to the plaintiff's proof at the second trial, and focusing, as the parties do, only on the issue of proximate cause, we conclude from a reading of the transcripts of both trials that the plaintiffs made a stronger case for proximate cause at the second trial than they did in the first trial. A fortiori, the proof of proximate causation from the

defendant's delay in treating the injured plaintiff was legally sufficient. All the plaintiffs had to prove was that this delay was the cause of a diminution of a substantial chance of avoiding the devastating result that the injured plaintiff suffered (*see Wong v Tang, supra* at 840-841; *Gagliardo v Jamaica Hosp.*, 288 AD2d 179, 180 [2001]; *Cavlin v New York Med. Group*, 286 AD2d 469, 470 [2001]; *Jump v Facelle*, 275 AD2d 345, 346 [2000]). This they clearly accomplished. Thus, on the merits, the Supreme Court erred in finding that the plaintiffs had failed as a matter of law to establish proximate causation.

In addition, the Supreme Court was bound, as is this Court, by the law of the case set down in the first appeal, to wit, that the evidence was legally sufficient in the first trial to establish proximate cause. Inasmuch as the evidence of proximate cause was manifestly no weaker in the second trial, the Supreme Court was not at liberty to differ with our assessment of the legal sufficiency of the proof on that issue (*see Carole A. v City of New York*, 169 AD2d 800, 801 [1991]; *Vanguard Tours v Town of Yorktown*, 102 AD2d 868 [1984]; *Goldenberg v City of New York*, 43 AD2d 861 [1974]; *cf. generally People v Evans*, 94 NY2d 499, 502-503 [2000]).

Because the Supreme Court granted only that branch of the defendant's motion which was to set aside the verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against it solely on the ground that the plaintiffs had not produced legally sufficient evidence of proximate cause, it did not reach the remaining branches of the defendant's motion, to wit: granting a new trial on the ground that the verdict was against the weight of the evidence; granting a new trial on the ground of error in the admission of specified testimony and due to actions of the plaintiffs' attorney which deprived the defendant of a fair trial; setting aside the damages award for pain and suffering, future custodial care, and lost earnings, or directing a remittitur thereof on the ground of material deviation from reasonable compensation; and directing, inter alia, a collateral source hearing. These branches remain pending and undecided (*see Jump v Facelle, supra* at 346-347; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]; *see also Hughes v Cai*, 31 AD3d 385, 386 [2006]; *Goldman v Simon Prop. Group, Inc.*, 31 AD3d 382 [2006]; *Matter of Jones v Amicone*, 27 AD3d 465, 470 [2006]). The issues involved therein are not properly before this Court. Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination of these branches of the defendant's motion. Schmidt, J.P., Crane and Skelos, JJ., concur.

Miller, J.P., dissents and votes to affirm the order, with the

following memorandum, in which Dillon, J., concurs: I respectfully dissent. This medical malpractice action concerns David Fellin who, within less than 3½ hours after walking into the appellant's emergency room, lapsed into a coma. After a previous trial, the jury found the appellant liable, among other things, on a theory that an alleged delay in the treatment of Fellin, including the alleged failure to timely order a CAT scan, proximately caused his injuries. The jury awarded substantial damages. Thereafter, the defendants moved, inter alia, to set aside the verdict, and for judgment as a matter of law or for a new trial on the cause of action relating to delayed treatment. As relevant here, the Supreme Court granted that branch of the motion which was to set aside the verdict and for a new trial.

On a prior appeal and cross appeal to this Court (*see Fellin v Sahgal*, 296 AD2d 526, 527 [2002]), we affirmed so much of the Supreme Court's order as granted that branch of the motion which was to set aside the verdict and for a new trial. In relevant part, we concluded that there was legally sufficient evidence to support the jury's verdict that the defendants departed from good and accepted medical practice by failing to timely treat Fellin. Nevertheless, even with that conclusion in mind, we determined that the evidence at the prior trial suggested that the departure may not have been a proximate cause of Fellin's injuries, for the reason that there may not have been sufficient time to prepare Fellin for the necessary brain surgery, and to perform it, before Fellin decerebrated. Thus, given that the evidence regarding the alleged delay in treatment "so preponderated in the defendants' favor," we concluded that the Supreme Court providently exercised its discretion in setting aside the jury's verdict on that issue and ordering a new trial (*supra* at 530).

Following a second trial, a jury again concluded that the appellant was liable. Thereafter, the appellant moved, inter alia, to set aside the verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of the motion, and the plaintiffs appeal. The order should be affirmed.

Based on a review of the record of the second trial, and based on the minimum time-line testimony pertaining to the examination and treatment of Fellin through at least the preliminary part of surgery, the finding that the alleged delay in his treatment proximately caused his injuries was one which could not have been reached by any valid line of reasoning and permissible inferences, and thus was not based upon sufficient evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d 129, 132 [1985]).

Under the circumstances presented, this Court is not bound by the doctrine of the law of the case and our decision on the prior appeal from making the foregoing determination. The law of the case is not an absolute mandate (*see People v Evans*, 94 NY2d 499, 503-504 [2000]). Given the evidence on proximate cause that was presented at the second trial, we are not precluded from dismissing the complaint based on the legal insufficiency of that evidence (*see Barrett v State Mut. Life Assur. Co.*, 44 NY2d 872 [1978], *cert denied* 440 US 912 [1979]).

Accordingly, in my view, the Supreme Court correctly granted that branch of the appellant's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiffs and for judgment as a matter of law dismissing the complaint insofar as asserted against it. [*See* 4 Misc 3d 1025(A), 2004 NY Slip Op 51048(U).]