■ EILEEN FLAHERTY et al., Respondents, v EDEN G. FROMBERG et al., Defendants, and GUSTAVO SAN ROMAN, Appellant. [849 NYS2d 278]—

In an action to recover damages for medical malpractice, etc., the defendant Gustavo San Roman appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Costello, J.), dated May 17, 2006, as, upon a jury verdict on the issue of liability finding him 5% at fault for the injuries sustained by the plaintiff Robert M. Flaherty, and upon a jury verdict on the issue of damages awarding the plaintiff Robert M. Flaherty III damages in the sums of, inter alia, $20,000,000 for future pain and suffering, $145,000,000 for future nursing, therapy, and personal care, and $13,000,000 for future loss of earnings, and upon the denial of his motion pursuant to CPLR 4404 to set aside the verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as against the weight of the evidence, is in favor of the plaintiff Robert M. Flaherty III and against him.

Ordered that the judgment is modified, on the law, the facts, and as an exercise of discretion, by deleting the provisions thereof awarding the plaintiff Robert M. Flaherty III damages for future pain and suffering, future nursing, therapy, and personal care, and future loss of earnings, and a new trial is granted on the issues of damages for future pain and suffering, future nursing, therapy, and personal care, and future loss of earnings only; as so modified, the judgment is affirmed insofar as appealed from, with costs to the appellant, unless within 30 days after service upon the plaintiff Eileen Flaherty, as the mother and natural guardian of the plaintiff Robert M. Flaherty III, of a copy of this decision and order, the plaintiff Eileen Flaherty, as the mother and natural guardian of the plaintiff Robert M. Flaherty III, shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from the sum of $20,000,000 to the sum of $4,000,000, payable over 67 years, for future nursing, therapy, and personal care from the sum of $145,000,000 to the sum of $25,000,000, payable over 67 years, and for future loss of earn-

ings from the sum of $13,000,000 to the sum of $3,000,000, payable over 38 years; in the event the plaintiff Eileen Flaherty, as the mother and natural guardian of the plaintiff Robert M. Flaherty III, so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The jury found that due to the medical malpractice of certain defendants, including the appellant, Gustavo San Roman, the infant plaintiff suffered anoxia and acidosis in utero for at least 21 minutes before he was delivered via caesarean section and resuscitated, which resulted in the infant plaintiff sustaining a severe and permanent brain injury, which has principally manifested as severe spastic cerebral palsy quadriparesis.

To establish a prima facie case of medical malpractice, a plaintiff must establish that the physician's actions deviated from accepted medical practice and that such deviation proximately caused his or her injuries (*see Thompson v Orner*, 36 AD3d 791 [2007]; *Texter v Middletown Dialysis Ctr., Inc.*, 22 AD3d 831 [2005]; *Prete v Rafla-Demetrious*, 224 AD2d 674, 675 [1996]). To meet this burden, a plaintiff ordinarily presents expert testimony on the defendant's deviation from the requisite standard of care (*see Texter v Middletown Dialysis Ctr., Inc.*, 22 AD3d at 831). To establish proximate cause, the plaintiff must demonstrate "sufficient evidence from which a reasonable person might conclude that it was more probable than not that" the defendant's deviation was a substantial factor in causing the injury (*Johnson v Jamaica Hosp. Med. Ctr.*, 21 AD3d 881, 883 [2005]; *see Holton v Sprain Brook Manor Nursing Home*, 253 AD2d 852 [1998]). As to causation, the plaintiff's evidence may be deemed legally sufficient even if its expert cannot quantify the extent to which the defendant's act or omission decreased the plaintiff's chance of a better outcome or increased his injury, as long as evidence is presented from which the jury may infer that the defendant's conduct diminished the plaintiff's chance of a better outcome or increased his injury (*see Barbuto v Winthrop Univ. Hosp.*, 305 AD2d 623, 624 [2003]; *Wong v Tang*, 2 AD3d 840, 840-841 [2003]; *Jump v Facelle*, 275 AD2d 345, 346 [2000]).

Here, there was legally sufficient evidence to support the jury verdict finding that the appellant deviated from accepted medical practice by refusing to start the caesarean section at 4:06 P.M., even after the anesthesiologist informed him that no fetal heartbeat could be detected, thereby further delaying the infant plaintiff's birth by at least four minutes (the first 17 minutes of delay were attributable to other defendants), during which time

the infant plaintiff remained anoxic and acidotic, and that such deviation was a substantial factor in contributing to the infant plaintiff's injuries (*see Barbuto v Winthrop Univ. Hosp.*, 305 AD2d at 624; *Wong v Tang*, 2 AD3d at 840-841; *Jump v Facelle*, 275 AD2d at 346).

Moreover, the liability verdict was not against the weight of the evidence. Where both the plaintiffs and the defendant presented party, eyewitness, and expert testimony in support of their respective positions, it was the province of the jury to determine the credibility of those witnesses (*see Barthelemy v Spivack*, 41 AD3d 398 [2007]; *Texter v Middletown Dialysis Ctr., Inc.*, 22 AD3d at 832; *Gerdik v Van Ess*, 5 AD3d 726, 727 [2004]; *Velez v Policastro*, 1 AD3d 429, 431 [2003]; *Bobek v Crystal*, 291 AD2d 521, 523 [2002]; *Kalpakis v County of Nassau*, 289 AD2d 453 [2001]; *Gray v McParland*, 255 AD2d 359, 360 [1998]; *Polimeni v Bubka*, 161 AD2d 568, 569 [1990]).

The jury verdict on the issues of future pain and suffering, future nursing, therapy, and personal care, and future loss of earnings deviated materially from what would be reasonable compensation and is excessive to the extent indicated (*see* CPLR 5501 [c]; *Lopez v New York City Health & Hosps. Corp.*, 278 AD2d 65 [2000]; *Martelly v New York City Health & Hosps. Corp.*, 276 AD2d 373, 374 [2000]; *Cabrera v New York City Health & Hosps. Corp.*, 272 AD2d 495 [2000]; *Karney v Arnot-Ogden Mem. Hosp.*, 251 AD2d 780, 783 [1998]; *Nevarez v New York City Health & Hosps. Corp.*, 248 AD2d 307, 309 [1998]; *Pay v State of New York*, 213 AD2d 991, 992 [1995], *revd on other grounds* 87 NY2d 1011 [1996]). Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.