(September 16, 2008)

■ NILDA ALICEA, Appellant, v L. LIGOURI, Respondent. [864 NYS2d 462]—

In an action to recover damages for medical malpractice, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Patterson, J.), dated February 27, 2007, as granted that branch of the defendant's oral application, made at the close of the plaintiff's evidence, which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint.

Ordered that on the Court's own motion, the plaintiff's notice of appeal is treated as an application for leave to appeal and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the oral application which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint is denied, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational process by which the jury could find for the plaintiff against the moving defendant (*see Lyons v McCauley,* 252 AD2d 516, 517

[1998]; *Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440 [1996]). The plaintiff's evidence must be accepted as true, and the plaintiff is entitled to every favorable inference which can be reasonably drawn from the evidence (*see Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440 [1996]; *Zboray v Fessler,* 154 AD2d 367 [1989]; *Pontiatowski v Baskin-Robbins,* 91 AD2d 1035 [1983]). Viewing the record here in this light, we conclude that the defendant did not meet her burden.

In order to establish a prima facie case of medical malpractice, a plaintiff must establish that the physician's actions deviated from accepted medical practice and that the deviation proximately caused the plaintiff's injuries (*see Thompson v Orner,* 36 AD3d 791 [2007]; *Texter v Middletown Dialysis Ctr., Inc.,* 22 AD3d 831 [2005]; *Prete v Rafla-Demetrious,* 224 AD2d 674, 675 [1996]). A plaintiff ordinarily presents expert testimony on the defendant's deviation from the requisite standard of care in order to satisfy this burden (*see Texter v Middletown Dialysis Ctr., Inc.,* 22 AD3d 831 [2005]). To establish proximate cause, the plaintiff must present "sufficient evidence from which a reasonable person might conclude that it was more probable than not that" the defendant's deviation was a substantial factor in causing the injury (*Johnson v Jamaica Hosp. Med. Ctr.,* 21 AD3d 881, 883 [2005]; *see Holton v Sprain Brook Manor Nursing Home,* 253 AD2d 852 [1998]).

Here, contrary to the Supreme Court's holding, the plaintiff presented sufficient evidence to support a finding by the jury that the defendant's conduct deviated from accepted medical practice in failing to administer the Gram's stain test and amniotic glucose test during the plaintiff's second admission in September 1995 and that the deviation was a substantial factor in causing the injury to the plaintiff's son. One of the plaintiff's expert witnesses testified that had the two tests been administered by the defendant, the chorioamnionitis would have been diagnosed earlier as would have the plaintiff's gestational diabetes. Two expert witnesses testified that if the defendant had made the diagnosis earlier than she did, the delivery could have been advanced and the transfer of the infection from the plaintiff to the unborn infant would have been prevented. Both experts further testified that an earlier delivery—even a mere 24 hours earlier according to one of them—would have prevented the infant's contraction of sepsis and that, as a result, the failure to make the diagnosis in a timely fashion was a substantial factor in contributing to the infant's development of cerebral palsy (*see Barbuto v Winthrop Univ. Hosp.,* 305 AD2d 623, 624 [2003]; *see also Wong v Tang,* 2 AD3d 840, 840-841 [2003]; *Jump v Facelle,* 275 AD2d 345, 346 [2000]).

The experts' inability to specify the moment at which the infection should have been diagnosed and the infant should have been delivered does not, in itself, defeat the plaintiff's claim. "The plaintiff's evidence may be deemed legally sufficient even if [her] expert cannot quantify the extent to which the defendant's act or omission decreased the plaintiff's chance of a better outcome or increased [the] injury, as long as evidence is presented from which the jury may infer that the defendant's conduct diminished the plaintiff's chance of a better outcome or increased [the] injury" (*Flaherty v Fromberg*, 46 AD3d 743, 745 [2007]; *see Barbuto v Winthrop Univ. Hosp.*, 305 AD2d at 624; *Wong v Tang*, 2 AD3d at 840-841; *Jump v Facelle*, 275 AD2d at 346). Since the plaintiff's experts' testimony satisfied this standard, there was sufficient evidence from which the jury could have rationally found for the plaintiff. The Supreme Court erred, therefore, in granting that branch of the defendant's oral application which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint.

We have reviewed the defendant's contention that the court erred in denying that branch of her oral application which was to strike the testimony of one of the plaintiff's experts (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]), and find that contention to be without merit (*see Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725 [1984]). Spolzino, J.P., Balkin, Dickerson and Belen, JJ., concur.