ELLEN SEMEL et al., Respondents, v ANAMARIA GUZMAN et al., Appellants. [924 NYS2d 414]—

In an action to recover damages for medical malpractice, the defendants appeal from a judgment of the Supreme Court, Kings County (Weston, J.), entered December 16, 2009, which, upon a jury verdict finding that the plaintiffs' decedent sustained damages in the principal sums of $4,500,000 for past pain and suffering and $500,000 for past medical expenses, upon an order of the same court dated December 7, 2009, denying those branches of their motion pursuant to CPLR 4404 (a) which were to set

aside the jury verdict on the issue of liability and for judgment as a matter of law, or to set aside the jury verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial, and granting that branch of their motion pursuant to CPLR 4404 (a) which was to set aside the damages awards as excessive only to the extent of ordering a new trial unless the plaintiffs stipulated to reduce the damages award for past pain and suffering from the principal sum of $4,500,000 to the principal sum of $2,000,000 and to reduce the damages award for past medical expenses from the principal sum of $500,000 to the principal sum of $403,308.81, and upon the plaintiffs' stipulation to so reduce those damage awards, is in favor of the plaintiffs and against them in the principal sum of $2,403,308.81.

Ordered that the judgment is affirmed, with costs.

A verdict is legally insufficient when "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Lang v Newman*, 12 NY3d 868, 870 [2009]; *Tapia v Dattco, Inc.*, 32 AD3d 842 [2006]). A verdict is contrary to the weight of the evidence when " 'the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence' " (*Nolan v Union Coll. Trust of Schenectady, N.Y.*, 51 AD3d 1253, 1255 [2008], quoting *Biello v Albany Mem. Hosp.*, 49 AD3d 1036, 1037 [2008] [internal quotation marks omitted]).

To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove that the defendant deviated from accepted standards of medical practice and that such deviation proximately caused his injuries (*see Thompson v Orner*, 36 AD3d 791 [2007]; *Anderson v Lamaute*, 306 AD2d 232, 233 [2003]; *Prete v Rafla-Demetrious*, 224 AD2d 674, 675 [1996]). Establishing proximate cause in medical malpractice cases requires a plaintiff to present sufficient medical evidence from which a reasonable person might conclude that it was more probable than not that the defendant's departure was a substantial factor in causing the plaintiff's injury (*see Johnson v Jamaica Hosp. Med. Ctr.*, 21 AD3d 881, 883 [2005]; *Goldberg v Horowitz*, 73 AD3d 691 [2010]). "Generally, expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause" (*Goldberg v Horowitz*, 73 AD3d at 693; *see Dockery v Sprecher*, 68 AD3d 1043, 1045 [2009]; *Texter v Middletown Dialysis Ctr., Inc.*, 22 AD3d 831 [2005]). "A plaintiff's evidence of proximate cause may be

found legally sufficient even if his or her expert is unable to quantify the extent to which the defendant's act or omission decreased the plaintiff's chance of a better outcome or increased the injury, 'as long as evidence is presented from which the jury may infer that the defendant's conduct diminished the plaintiff's chance of a better outcome or increased [the] injury' " (*Goldberg v Horowitz*, 73 AD3d at 694, quoting *Alicea v Ligouri*, 54 AD3d 784, 786 [2008]).

Here, there was legally sufficient evidence to support the jury's findings that the defendant Anamaria Guzman deviated from accepted standards of medical practice in failing to read notes in the plaintiffs' decedent's chart and in failing to communicate to the plaintiffs' decedent's caregivers, postoperatively, that medical instruments had been placed into the plaintiffs' decedent's esophagus, thereby delaying diagnosis of the esophageal perforation, and that such deviation proximately caused her injuries (*see Cohen v Hallmark Cards*, 45 NY2d at 499; *Nicastro v Park*, 113 AD2d 129, 132 [1985]; *see also Fellin v Sahgal*, 35 AD3d 800 [2006]).

Moreover, the verdict was not contrary to the weight of the evidence. Where both the plaintiffs and the defendants presented expert testimony in support of their respective positions, it was the province of the jury to determine the experts' credibility (*see Cohen v Hallmark Cards*, 45 NY2d at 498-499; *Fellin v Sahgal*, 35 AD3d 800 [2006]; *Texter v Middletown Dialysis Ctr., Inc.*, 22 AD3d at 832; *Wong v Tang*, 2 AD3d 840 [2003]; *Velez v Policastro*, 1 AD3d 429, 431 [2003]; *Nicastro v Park*, 113 AD2d at 133-134).

The damages award for past pain and suffering, as reduced and stipulated to by the plaintiffs (*see Al Malki v Krieger*, 213 AD2d 331 [1995]; *Krueger v Frisenda*, 218 AD2d 685 [1995]; *see also Jump v Facelle*, 292 AD2d 501 [2002]), and the damages award for past medical expenses, as reduced and stipulated to by the plaintiffs (*see Tonaj v ABC Carpet Co., Inc.*, 43 AD3d 337, 339-340 [2007]; *Dell v Port Auth. of N.Y. & N.J.*, 24 AD3d 155 [2005]; *Brewster v Prince Apts.*, 264 AD2d 611 [1999]), do not deviate materially from what would be reasonable compensation. Covello, J.P., Chambers, Lott and Cohen, JJ., concur.