Mi Jung Kim v Lewin (2019 NY Slip Op 06487)





Mi Jung Kim v Lewin


2019 NY Slip Op 06487


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-08868
 (Index No. 9119/13)

[*1]Mi Jung Kim, appellant, 
v
Jonathan Lewin, etc., respondent.


Tumelty & Spier, LLP, New York, NY (John Tumelty and Judah Z. Cohen of counsel), for appellant.
Perry, Van Etten, Rozanski, & Primavera, LLP, Melville, NY (Elizabeth Gelfand Kastner and Geoffrey H. Pforr of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated June 5, 2017. The order granted that branch of the defendant's motion pursuant to CPLR 4404(a) which was to set aside the jury verdict in favor of the plaintiff and for judgment as a matter of law dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In February 2010, the plaintiff injured her back in a workplace accident. After unsatisfactory results from epidural steroid injections, the plaintiff's pain management specialist referred her to the defendant for a surgical consultation, which occurred on June 7, 2010. An MRI the defendant had taken of the plaintiff's lumbar spine revealed compression at the L4-5 and L5-S1 levels. The defendant recommended surgery. On July 7, 2010, the defendant performed a two-level spinal discectomy and decompression surgery on the plaintiff. He visited her in the hospital the day after the surgery was performed and noted that she was doing well but continued to have diminished strength in her right leg. Subsequently, the plaintiff was discharged to a residential rehabilitation facility. While in the rehabilitation facility, although she showed some improvement, the plaintiff continued to experience pain and difficulty walking. A post-operative MRI of the plaintiff's lumbar spine was performed on August 11, 2010, which demonstrated that there remained some impingement on the nerve. The defendant examined the plaintiff on August 15, 2010, while she was at the rehabilitation facility. After being released from the rehabilitation facility on August 31, 2010, the plaintiff had three more post-surgical appointments with the defendant, with the last appointment occurring on November 15, 2010.
The parties dispute when the defendant first discussed the possibility that the plaintiff may need to undergo an additional spinal surgery due to her continued pain and difficulty walking subsequent to the first surgery. However, it is undisputed that, at least by September 13, 2010, the defendant had told the plaintiff that she would need an additional surgery if she did not continue to improve. He also advised her of this during the October 2010 and November 2010 visits. At the November 15, 2010, appointment, the defendant asked the plaintiff to return to his office in six [*2]weeks with the advisement that surgery may be required if she did not improve by the next visit, but she never returned. In December 2010, the plaintiff returned to her pain management specialist and then sought treatment from another spinal surgeon, who recommended that the plaintiff have either fusion surgery or another discectomy. The plaintiff opted to have a second discectomy, which was performed by this surgeon in April 2011. The second discectomy only minimally improved the plaintiff's condition.
The plaintiff commenced this action against the defendant to recover damages for medical malpractice. The action proceeded to a jury trial. At the close of evidence, the only remaining cause of action alleged that the plaintiff's injuries were proximately caused by the defendant's failure to recommend that the plaintiff undergo a second surgery when he met with her in August 2010 shortly after the post-operative MRI. The jury returned a verdict in favor of the plaintiff, finding that the defendant departed from good and accepted medical practice by failing to offer surgical treatment to the plaintiff when he visited her at the rehabilitation facility on August 15, 2010, after reviewing a post-operative MRI of the lumbar region of her spine taken on August 11, 2010, and that the plaintiff's injuries were proximately caused by this departure. The defendant moved pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiff and for judgment as a matter of law, and the Supreme Court granted the motion. The plaintiff appeals.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). In cases in which a plaintiff claims that a physician's acts or omissions decreased his or her chances of survival or cure, there is legally sufficient evidence of causation "as long as the jury can infer that it was probable that some diminution" in the chance of survival or cure had occurred (Jump v Facelle, 275 AD2d 345, 346; see Fellin v Sahgal, 35 AD3d 800, 802). "A court may grant a defendant's motion for judgment as a matter of law only when it concludes, after considering the facts in the light most favorable to the plaintiff and affording the plaintiff every favorable inference that may reasonably be drawn from the facts presented, that there is no rational process by which the jury could have found in the plaintiff's favor" (Manganiello v Ahmed, 130 AD3d 583, 586; see Messina v Staten Is. Univ. Hosp., 121 AD3d 867, 868).
Here, considering the evidence in the light most favorable to the plaintiff, there is a rational process by which the jury could have found that the defendant departed from accepted community standards of care by failing to recommend surgery to the plaintiff when he visited her at the rehabilitation facility on August 15, 2010, after reviewing the post-operative MRI study of her lumbar spine. The plaintiff testified that the defendant did not discuss surgery during that visit, and her expert testified that the defendant's failure to present surgical alternatives to the plaintiff "in a timely fashion" after reviewing the post-operative MRI was a departure from accepted community standards of care.
However, there is no rational process by which the jury could have found that the defendant's departure from the standard of care proximately caused the plaintiff's injuries (see Gayle v Newman, 91 AD2d 75, 80; cf. Fellin v Sahgal, 35 AD3d at 802). The plaintiff's expert opined that the eight-month delay between the August 2010 post-operative MRI, which indicated that there was still compression on the nerve, and the second surgery in April 2011 caused the plaintiff's injuries and resulted in a "worse outcome." However, it is uncontested that she was appropriately advised of surgical options on September 13, 2010. Thus, the plaintiff decided to cease treatment with the defendant after the November 2010 visit and to begin receiving treatment from another physician in December 2010. The plaintiff's expert failed to present any evidence to show that the approximate one-month period between the August 2010 visit following the post-operative MRI and the defendant's advice about surgery on September 13, 2010, was a substantial factor in causing her injuries (see Previtera v Nath, 164 AD3d 848, 851).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion pursuant to CPLR 4404(a) which was to set aside the jury verdict in favor of the plaintiff and for judgment as a matter of law dismissing the complaint.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court