Starre v Dean (2024 NY Slip Op 03901)

Starre v Dean

2024 NY Slip Op 03901

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2019-14076
 (Index No. 8394/15)

[*1]Walinda Odrick Starre, etc., appellant,
v
Deborah Dean, etc., et al., respondents, et al., defendant.

Queller, Fisher, Washor, Fuchs & Kool and The Law Office of William A. Gallina, LLP, New York, NY (Matthew J. Maiorana of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker and Mallory Turk of counsel), for respondents Deborah Dean, Valentina Podd, and Mt. Sinai Brooklyn.
Helwig, Henderson, Gray & Spinola, LLP, Syosset, NY (Pamela Gleit and Deborah Gray of counsel), for respondent Jack Braha.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated October 21, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendants Deborah Dean, Valentina Podd, Elliott Goodman, and Mt. Sinai Brooklyn which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against the defendants Deborah Dean, Valentina Podd, and Mt. Sinai Brooklyn, and granted those branches of the separate motion of the defendant Jack Braha which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Deborah Dean, Valentina Podd, Elliott Goodman, and Mt. Sinai Brooklyn which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against the defendants Deborah Dean, Valentina Podd, and Mt. Sinai Brooklyn, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, payable by the defendants Deborah Dean, Valentina Podd, and Mt. Sinai Brooklyn, and one bill of costs to the defendant Jack Braha, payable by the plaintiff.
On January 30, 2015, at approximately 10:45 a.m., the plaintiff's decedent (hereinafter the decedent), then 40 years old, arrived by ambulance at the emergency department of the defendant Mt. Sinai Brooklyn (hereinafter the hospital). He was complaining of sharp, severe abdominal pain, with nausea and vomiting, which had started two days earlier. The decedent died at the hospital approximately 12 hours later after sustaining multiple cardiac arrests, the first of which occurred at approximately 7:00 p.m.
In July 2015, the plaintiff, individually and as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for medical malpractice and wrongful death. The plaintiff alleged, among other things, that the defendants departed from accepted standards of medical practice when treating the decedent at the hospital.
The hospital and the defendants Deborah Dean and Valentina Podd (hereinafter collectively the hospital defendants), together with the defendant Elliott Goodman, moved, inter alia, for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against the hospital defendants. The defendant Jack Braha separately moved, among other things, for summary judgment dismissing those causes of action insofar as asserted against him. In an order dated October 21, 2019, the Supreme Court, inter alia, granted those branches of the separate motions. The plaintiff appeals.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant[s] bear[ ] the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235; see Walker v Jamaica Hosp. Med. Ctr., 208 AD3d 714, 716). "Once the defendant[s] meet[ ] [their] prima facie burden, the plaintiff must demonstrate in opposition the existence of a triable issue of fact as to the elements with respect to which the defendant[s] ha[ve] met [their] initial burden" (Roy v Lent, 219 AD3d 525, 525 [internal quotation marks omitted]). Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions, as such conflicting opinions raise credibility questions that must be resolved by a factfinder (see Hall v Bolognese, 210 AD3d 958, 963).
Here, the hospital defendants and Braha established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against each of them by submitting, inter alia, the affirmation of their experts. Based upon their review of the decedent's hospital records, the pleadings, and transcripts of the witnesses' deposition testimony, these experts opined, to a reasonable degree of medical certainty, that the hospital defendants and Braha did not depart from accepted standards of medical practice in their treatment of the decedent, and that the treatment rendered to the decedent did not proximately cause his injuries (see Balgobind v Long Is. Jewish Med. Ctr., 218 AD3d 428, 429; McHale v Sweet, 217 AD3d at 668; Zabary v North Shore Hosp. in Plainview, 190 AD3d 790, 793).
In opposition to the hospital defendants' prima facie showing, however, the plaintiff raised triable issues of fact as to whether the hospital defendants departed from accepted medical practices in their treatment of the decedent, and whether such departures were a proximate cause of the decedent's death. The plaintiff submitted affirmations from an emergency medicine specialist and a critical care specialist, each of whom opined that Dean and Podd departed from accepted medical practices and that the departures were a substantial factor in bringing about the decedent's death. The plaintiff's experts asserted that Dean and Podd departed from accepted medical practices by, inter alia, failing to recognize the arrival of a critically ill patient and initiate emergent management, obtain stat laboratory testing, obtain a stat CT scan of the abdomen and pelvis without contrast, recognize the presence of acute renal failure and monitor urine output, administer aggressive fluid resuscitation for acute pancreatitis, recognize hyperkalemia and acidosis in the presence of acute anuric renal failure and initiate appropriate management, and recognize a critical level of hypocalcemia and initiate timely management to prevent cardiac arrhythmia, and further opined that these departures diminished the decedent's opportunity to survive. The plaintiff's experts competently opined that the decedent, suffering from dehydration and acute pancreatitis, required aggressive fluid resuscitation, and that Dean improperly withheld fluids because, although she was concerned with renal failure, she failed to recognize that the renal failure was caused by volume depletion caused by pancreatitis. The plaintiff's experts further opined that the decedent's fluid resuscitation could not be properly evaluated without closely monitoring both the fluid being administered and his urine output, and that, while a Foley catheter is required to monitor and measure a patient's urine output, Dean failed to timely order a Foley catheter. The plaintiff's experts [*2]also opined that the decedent's electrolyte imbalances, hyperkalemia, and hypocalcemia, which the hospital defendants failed to recognize and address, played an essential role in the decedent developing cardiac arrest at the hospital. The plaintiff's emergency medicine expert also opined that Podd departed from accepted standards of medical practice by failing to immediately report to Goodman, her supervising attending physician, upon her evaluation that the decedent had "acute abdomen," and then failing to follow the decedent's case and check what testing was done or why testing had not yet been done. As a result, Goodman did not know of the decedent's existence until approximately 6:30 p.m., when Dean called him, more than four hours after Podd had seen the decedent.
Contrary to the Supreme Court's determination, the plaintiff also raised a triable issue of fact as to whether the alleged departures of the hospital defendants were a proximate cause of the decedent's death. "Establishing proximate cause in medical malpractice cases requires a plaintiff to present sufficient medical evidence from which a reasonable person might conclude that it was more probable than not that the defendant's departure was a substantial factor in causing the plaintiff's injury" (Grullon v Thoracic Surgical, P.C., 208 AD3d 1163, 1164 [internal quotation marks omitted]; see Bilyavskiy v Parikh, 197 AD3d 605, 606). "'As to causation, the plaintiff's evidence may be deemed legally sufficient even if its expert cannot quantify the extent to which the defendant's act or omission decreased the plaintiff's chance of a better outcome or increased his injury, as long as evidence is presented from which the jury may infer that the defendant's conduct diminished the plaintiff's chance of a better outcome or increased his injury'" (Neyman v Doshi Diagnostic Imaging Servs., P.C., 153 AD3d 538, 545, quoting Flaherty v Fromberg, 46 AD3d 743, 745; see Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d 672, 675; Goldberg v Horowitz, 73 AD3d 691, 694; Alicea v Ligouri, 54 AD3d 784, 786; Jump v Facelle, 275 AD2d 345, 346). Here, the plaintiff's experts opined that the hospital defendants' alleged departures were a substantial factor in bringing about the decedent's death. The plaintiff's experts asserted that the decedent died as a result of cardiac arrest, that he suffered multiple cardiac arrests that were caused by cardiac dysrhythmia secondary to volume depletion and electrolyte imbalance, that volume depletion was secondary to acute pancreatitis and resulted from the failure to properly and aggressively administer fluid resuscitation, and that renal failure resulted from volume depletion, which both caused and exacerbated the electrolyte imbalance. The plaintiff's experts further opined that, because the decedent was critically ill, the lack of proper treatment diminished his chance of a better outcome and increased his injury, and that he had an opportunity to survive with appropriate medical care up to the point of his first cardiac arrest.
Accordingly, the Supreme Court should have denied those branches of the hospital defendants' motion which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against them.
However, the plaintiff failed to raise a triable issue of fact as to whether any alleged departures by Braha were a proximate cause of the decedent's death. None of the plaintiff's experts addressed the opinion of Braha's expert that Braha, who first saw the decedent approximately seven hours after the decedent's presentation to the emergency department, appropriately assessed the decedent as having acute pancreatitis and suggested a plan for aggressive hydration and intended to follow up with repeat labs, but that the plan could not be implemented because of the decedent's death within a few hours thereafter. Accordingly, the Supreme Court properly granted those branches of Braha's motion which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against him.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court