Matter of State of New York v Ezikiel R.

2026 NY Slip Op 02987

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of State of New York, appellant,

v

Ezikiel R. (Anonymous), respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2025-06805, 2025-07321, (Index No. 576/20)

Colleen D. Duffy, J.P.

Paul Wooten

Janice A. Taylor

Phillip Hom, JJ.

Letitia James, Attorney General, New York, NY (Judith N. Vale and Stephen J. Yanni of counsel), for appellant.

Mental Hygiene Legal Service, Garden City, NY (Eben Rockwell Hill, Ana Vuk-Pavlovic, and Timothy Riselvato of counsel), for respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Ezikiel R., a sex offender allegedly requiring civil management, the petitioner appeals from (1) an order of the Supreme Court, Kings County (Laura R. Johnson, J.), dated May 2, 2025, and (2) an order of the same court also dated May 2, 2025. The first order, upon remittitur from this Court by decision and order dated January 24, 2024 (see Matter of State of New York v Ezikiel R., 223 AD3d 832), upon a finding, made after a nonjury trial on all issues that Ezikiel R. does not suffer from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), in effect, denied the petition. The second order stayed the first order until June 12, 2025.

ORDERED that the first order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new determination consistent with this Court's decision and order dated January 24, 2024 (see Matter of State of New York v Ezikiel R., 223 AD3d 832); and it is further,

ORDERED that the appeal from the second order is dismissed as academic, without costs or disbursements.

The procedural and factual background of this action is set forth in this Court's prior determination of an earlier appeal in this matter in a decision and order dated January 24, 2024 (hereinafter the January 2024 order) (see Matter of State of New York v Ezikiel R., 223 AD3d 832). As relevant to the current appeal, in the January 2024 order, this Court reversed an order of the Supreme Court dated November 14, 2022, finding that, contrary to the determination of the Supreme Court, the petitioner had established by clear and convincing evidence that Ezikiel R. (hereinafter the respondent) suffers from sexual sadism disorder (in addition to antisocial personality disorder [hereinafter ASPD] and psychopathy) (see id.). Upon such finding, this Court, inter alia, remitted the matter to the Supreme Court, Kings County, for a new trial and determination as to whether these diagnoses—ASPD, psychopathy, and sexual sadism disorder—are sufficient to find that the respondent suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i) (see id.) and a dispositional hearing, if appropriate (see id.).

Upon remittitur, the Supreme Court ignored this Court's determination that the petitioner had proven by clear and convincing evidence that the respondent suffered from sexual sadism disorder (in addition to ASPD and psychopathy). Instead, the Supreme Court, sua sponte, held a new nonjury trial on all issues (see Tomo v Episcopal Health Servs., Inc., 112 AD3d 612). In an order dated May 2, 2025 (hereinafter the first May 2025 order), the Supreme Court determined, among other things, that the petitioner did not prove by clear and convincing evidence that the respondent suffers from sexual sadism disorder and that the respondent does not suffer from a mental abnormality as that term is defined in Mental Hygiene Law § 10.03(i), and, in effect, denied the petition. In a second order of the same date, the Supreme Court temporarily stayed the first May 2025 order until June 12, 2025. The petitioner appeals from both orders.

"A trial court, upon remittitur, lacks the power to deviate from the mandate of the higher court" (Tomo v Episcopal Health Servs., Inc., 112 AD3d at 613 [internal quotation marks omitted]). Therefore, "an order or judgment entered on remittitur 'must conform strictly to the remittitur'" (id. [internal quotation marks omitted], quoting Glassman v ProHealth Ambulatory Surgery Ctr., Inc., 96 AD3d 799, 800).

Here, as the determination of this Court in the January 2024 order is binding upon the Supreme Court (see Matter of Paese v Paese, 175 AD3d 502; Tomo v Episcopal Health Servs., Inc., 112 AD3d at 613), the Supreme Court erred in, sua sponte, holding a nonjury trial on all issues and redetermining issues already determined by this Court (see Fellin v Sahgal, 35 AD3d 800). Accordingly, the first May 2025 order must be reversed, and we remit the matter again to the Supreme Court, Kings County, for a new trial and determination as to whether the respondent's diagnoses of ASPD, psychopathy, and sexual sadism disorder are sufficient to find that the respondent suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i) (see Matter of State of New York v Ezikiel R., 223 AD3d 832), and a dispositional hearing, if appropriate (see id.).

DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court