■ LAWRENCE A. TESTA et al., Respondents, v NITA SEIDLER, Appellant. — Appeals (1) from a judgment of the Supreme Court in favor of plaintiffs, entered July 21, 1980 in Ulster County, upon a verdict rendered at a Trial Term, and (2) from an order of said court, entered July 9, 1980, which denied defendant's motion to set aside the verdict and for a new trial. Plaintiff Lawrence A. Testa sustained personal injuries as the result of an automobile accident on October 13, 1976. A jury has awarded him damages

of $100,000 for pain and suffering and loss of earnings up to the time of trial, and $700,000 for future loss of earnings. His wife has recovered $10,000 on her derivative action. On this appeal defendant urges that the trial court improperly participated in jury deliberations, that the verdict for plaintiff Lawrence A. Testa was excessive, and that certain expert proof by an economist should not have been admitted. As for the expert testimony, it is plain that such evidence is acceptable when offered by a qualified individual who is able to express the present value of future losses based on a plaintiff's economic history and projected earnings had there been no injury. Since such a process and the conclusions to be derived therefrom are not matters within the general knowledge of the average juror, they are proper subjects for expert testimony (Zaninovich v American Airlines, 26 AD2d 155, 158-159). Moreover, in the instant case, there was no objection to this type of evidence at trial; defendant simply took issue with the methods used by the expert and, on cross-examination, urged alternative techniques for calculating plaintiff's loss of future earnings. Both methods of computation were thus available to the jury. While it rejected defendant's theory, the result is fully supported by the record and is not excessive. The entry of a Trial Justice into the jury room during its deliberations is highly unusual, fraught with dangers, and should be avoided in the future. However, in the particular circumstances of this case, reversal is not required. The occurrence was prompted by the following communication from the jury: "Would like to see Judge for clarification on question sheet before coming out." The parties consented to have the Trial Justice respond, defendant's attorney asked that the discussion be recorded by the court reporter and plaintiffs' counsel requested that, upon conclusion, the stenographer read the transcript of what transpired. This procedure was followed and the record discloses that the instructions of the trial court were carefully guarded to avoid any possibility of influencing the jury concerning the amount of any verdict it might have reached. Although defendant ultimately protested the form and size of the verdict, at no time was there any specific objection by either party concerning the proceedings between the Judge and the jury. Accordingly, since the parties adopted this course and no harm resulted, and since we do not find the verdict excessive, we affirm the judgment (see Watertown Bank & Loan Co. v Mix, 51 NY2d 558). Judgment and order affirmed, with costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.