LEON DENNIS, Appellant-Respondent, v LESLIE DACHS et al., Respondents, and CITY OF NEW YORK, Respondent-Appellant.

First Department, March 11, 1982

**APPEARANCES OF COUNSEL**

*Martin H. Weisfuse* for appellant-respondent.

*Henry J. Boitel* of counsel (*Morris, Duffy, Ivone & Jensen,* attorneys), for Leslie Dachs, respondent.

*Debra James* of counsel (*Stephen J. McGrath* with her on the brief; *Allen G. Schwartz, Corporation Counsel,* attorney), for respondent-appellant.

**OPINION OF THE COURT**

CARRO, J.

The most substantial issue on this appeal concerns the admissibility of expert testimony on the effect of the projection of past wage increments on lost future earnings.

Plaintiff, a pedestrian, was injured when he was struck by two colliding vehicles and was thrown through an opening in the wall abutting the sidewalk on an overpass, to an embankment below. The liability phase of this action was tried first, and a jury found in plaintiff's favor against defendant Dachs and the City of New York, with an apportionment of 50% of the liability against each. The damage phase resulted in a jury verdict in favor of plaintiff in the amount of $125,000, which was reduced by the court to $85,883.62, after deducting the amount of no-fault benefits received.

Based on a combination of factors, plaintiff claims that the present value of his future lost wages and benefits amounts to a total economic loss of $415,423. He contends that the trial court erred in refusing to permit expert testimony from an economist as to projected per annum increments in his wages, thus depriving him of valuable evidence which would have given the jury the basis to properly evaluate present value and future earnings. His expert was a qualified labor market economist, specializing in occupational analysis, employment and training, who taught economics at Columbia University for 10 years and, at the time of trial, was a research economist at the university with the rank of professor. She was a consultant to the South Bronx Development Corporation and to the International Labor Office and undertook research projects. She has received grants from the United States Department of Labor, which has published and distributed several of her books, and has analyzed the construction industry for that department. Counsel offered the testimony of this economist on behalf of plaintiff.

"[COUNSEL]: Your honor, my expert intends to testify on the basis of a ten year statistical average as far as what the increments have been over the last ten years and project that into the future.

"THE COURT: I will not permit your expert to so testify. That will be highly speculative * * * I will stop her right now, at '81. I will not permit her to testify as to what the wage scale might be in 1985 or 1990."

Upon application, plaintiff's expert took the witness stand, and her testimony, out of the presence of the jury, was submitted to the court as an offer of proof.

"[COUNSEL]: Now, based upon your knowledge of the industry and based upon the facts that are in evidence relative to Mr. Dennis' work history and relative to the rate of wages and * * * [b]ased upon what the wage rates have been in the industry for the last eleven years, did you determine what Mr. Dennis' future lost earnings and fringe benefits will be?

"[ECONOMIST]: Yes, and I did that in part on a document from the United States Department of Labor which I have here which gives the course of average Union wage rates in

the building trades from 1970 to 1980 * * * you can see that * * * wages in general, the rate of increase in wages, has been well above 8%. Again, the Department of Labor says current Union contracts indicate 9% per year over the next three years. I am assuming a rate of increase of 8% * * *

"[COUNSEL]: Now, what is the present value of that loss?

"[ECONOMIST]: That is the present value I am working with * * *

"THE COURT: I am going to limit the testimony before the jury on the basis of the present rate, wage rate and fringe benefits."

There has been surprisingly little case law in this State on the issue presented here. Defendants urge *Zaninovich v American Airlines* (26 AD2d 155, 160) and *Theobald v Grey Public Relations* (39 AD2d 902) on this court for the proposition that speculative testimony concerning continuing inflation should not be received in evidence. Plaintiff cites *Stanley v Ford Motor Co.* (49 AD2d 979) where the court permitted the testimony of economic experts on the effects of inflation. However, we need not go so far as to determine the admissibility of testimony on the effects of inflation generally, its role in decreasing the value of money or even its effect on wages. The offer of proof here was quite specific, covering only future increments in wages based upon past union contracts and statistics of wages of a laborer in the construction industry, similar to the plaintiff, for the past 10 or 11 years. This offer of proof appears to us a solid and logical foundation for the evidence sought to be introduced, surrounded as it is with safeguards, so as not to be any more speculative than need be. We also see a distinction between evidence of the general effect of inflation upon the economy and specific evidence of wage increments, as offered here. We make no ruling as to the admissibility of expert testimony concerning the former. That is not the specific issue before us. While we realize that inflation, of course, forms one of the bases of the negotiation of labor contracts, it is not the sole factor taken into account. There are, for example, labor productivity and technological advances. However, what the sort of

statistical background available here and marshaled by this expert provides is a fair amount of reliability in the projections, so that they do not invite "sheer speculation" on the part of the jury, but only such speculation as is based upon a firm foundation and logic.

There is disarray among the other States and the Federal circuits on the admissibility of expert testimony on lost future earnings (as to both inflationary and productivity factors), although the trend seems now to be slowly swinging in favor of such evidence, where a suitable foundation is laid.*

The case before us has such a suitable foundation. The judgment of the Supreme Court, Bronx County (DiFEDE, J.), entered May 14, 1981, against defendant Dachs and the City of New York, in plaintiff's favor, should be reversed, on the law, and a new trial ordered on damages only, without costs.

KUPFERMAN, J. (concurring). While I concur in the result, this matter is not free from doubt and deserves consideration by the Court of Appeals.

The court's opinion quite properly makes a distinction between "the general effect of inflation upon the economy and specific evidence of wage increments". (See Changes in cost of living or in purchasing power of money as affecting damages for personal injuries or death, Ann., 12 ALR2d 611.)

The trial court, presided over by a Judge who is a former New York State Labor Relations Board Chairman, considered the testimony as to wage increments in the future as entirely too speculative. Obviously, he is knowledgeable with respect to the field involved. The difficulty is that if one allows proof respecting "future increments in wages based upon past union contracts and statistics of wages of a laborer in the construction industry," one must allow expert testimony by the defense about the depression in segments of the construction industry and the fact that it is quite possible that the plaintiff, rather than obtaining annual increments, might very well not even be employed.

---

* See Wainscott, Computation of Lost Future Earnings in Personal Injury and Wrongful Death Actions, 11 Ind L Rev 647 for a useful survey of the circuits and the States on these issues.

This would mean that a negligence case could turn into, among other things, a labor relations matter.

However, in the case of *Zaninovich v American Airlines* (26 AD2d 155, 158-159) the court specifically stated: "With respect to the damages trial, the court was correct in allowing business expert testimony as to the husband's future prospects in the fruit and produce business. These are not matters in the general knowledge of the jurors, or for that matter, the court".

This would seem to apply to the situation at hand with respect to employment in the construction industry. Accordingly, until the Court of Appeals rules otherwise, the type of testimony which was rejected at the trial would seem to be appropriate.

MURPHY, P. J., and SANDLER, J., concur with CARRO, J.; KUPFERMAN, J., concurs in a separate opinion; MARKEWICH, J., concurs in the result only.

Judgment, Supreme Court, Bronx County, entered on or about May 14, 1981, unanimously reversed, on the law, and a new trial ordered on damages only, without costs and without disbursements.