■ LAWRENCE J. HANRATTY et al., Respondents, v CITY OF

NEW YORK, Appellant. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Lerner, J.), dated April 4, 1986, as, upon an admission of liability by the defendant, and after a jury trial limited to the issue of damages, is in favor of the plaintiff Lawrence J. Hanratty in the principal amount of $1,650,000.

Ordered that the judgment is reversed insofar as appealed from, on the law, and a new trial is granted limited to the issue of damages under the first cause of action on behalf of the plaintiff Lawrence J. Hanratty, with costs to abide the event.

The trial court erred in refusing to permit the defendant to offer expert economic testimony regarding the present value of an award for loss of future earnings. Evidence of this type is generally admissible in actions to recover damages for personal injuries, provided a proper foundation is laid (see, Dennis v Dachs, 85 AD2d 223; Testa v Seidler, 81 AD2d 715, lv denied 54 NY2d 607; Richards v South Buffalo Ry. Co., 54 AD2d 310; Wolfe v General Mills, 35 Misc 2d 996). Since the court concomitantly denied the defendant's request to charge with respect to present value (see, 1 NY PJI2d 2:290, at 647-648), and in light of the fact that a general verdict was rendered, this court is unable to ascertain the extent to which the defendant was prejudiced by this error. Thus, reversal of the judgment insofar as it pertains to the plaintiff Lawrence J. Hanratty is required, and a new trial on damages with regard to that plaintiff is necessary. Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.