■ Monique Stewart, Appellant-Respondent, v New York City Health and Hospitals Corporation, Respondent-Appellant. [616 NYS2d 499] —Order, Supreme Court, Bronx County (Bernard Burstein, J.), entered June 8, 1993, which dismissed plaintiff's claim for loss of child-bearing capacity and ordered a new trial as to damages for pain and suffering unless plaintiff stipulated to reducing the award for pain and suffering to $100,000, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of reinstating plaintiff's claim for loss of child-bearing capacity and reinstating the jury's verdict with respect thereto, and ordering a new trial as to damages for pain and suffering unless plaintiff, within twenty (20) days after service upon her attorney of a copy of the order to be entered herein, with notice of entry, serves and files in the office of the Clerk of the trial court a written stipulation consenting to reduce the jury's verdict for pain and suffering to $300,000 and to the entry of judgment in accordance therewith; if plaintiff so stipulates, the judgment is otherwise modified as indicated, without costs.

In this medical malpractice case, plaintiff's expert testified at trial that if plaintiff's right fallopian tube had not ruptured as a result of an ectopic pregnancy and been destroyed, plaintiff would have had a less than 50 percent chance of having a child by means of sexual intercourse, which he could not "specifically" quantify.* Defendant's expert calculated the percentage at 5 to 10 percent. The jury found that "the omission to diagnose * * * plaintiff's ectopic pregnancy [prior to a specified date was] a departure from acceptable medical practice" and "deprive[d] plaintiff of a substantial possibility of giving birth naturally," and the jury returned a verdict in plaintiff's favor for the loss of "natural" child-bearing capacity. On defendant's post-trial motion, this claim was dismissed. The court held that the evidence was legally insufficient to show, with reasonable medical certainty, that there was a "substantial" possibility that plaintiff could have a successful uterine pregnancy following sexual intercourse and rejected

* While plaintiff's expert testified that he was unable to "specifically" state plaintiff's chance of having a successful pregnancy as a result of sexual intercourse, he reiterated his earlier testimony that the range of success was between 13 and 100 percent.

plaintiff's argument that a 10 percent chance is such a "substantial" possibility.

We disagree and reinstate the verdict for loss of child-bearing capacity. Under the court's charge, to which defendant did not object and which, in our view, did not, as defendant claims, impermissibly "prevent[ ] the jury from considering whether defendant's alleged negligence was more likely than not a proximate cause of her injury," plaintiff was required to prove "that it was more likely than not * * * that she lost a substantial opportunity to have natural child birth." In addition, the jury was instructed that it "must be persuaded by a preponderance of the credible evidence that what [plaintiff] lost, if it was substantial, was more likely than not lost because of the loss of the tube. * * * But the chance that she lost, in order to be substantial, doesn't have to be more likely than not. It doesn't have to be more than 50 percent but it has to be more than slight."

Thus plaintiff did not, as defendant contends, have to prove that defendant's negligence "deprived [her] of the ability to conceive and bear children naturally." Rather, plaintiff merely had to prove that defendant's negligence was the proximate cause of the loss of plaintiff's right fallopian tube and that such negligence deprived her of a substantial possibility of that ability. And if the jury found that she lost even a 5 to 10 percent chance of having a successful pregnancy as a result of sexual intercourse and that this chance was "substantial," a verdict in her favor would be justified. To establish a prima facie case of negligence, the plaintiff must show that the defendant's negligence was a substantial factor in bringing about the injury (*Mortensen v Memorial Hosp.*, 105 AD2d 151, 157 [amputation of a limb]; *see also, Harding v Noble Taxi Corp.*, 182 AD2d 365, 370 [brain damage]). Plaintiff has met her burden.

As to the award for pain and suffering, while, in our view, a reduction of the jury's $500,000 award was called for, the reduction imposed was excessive. We conclude that $300,000 more adequately compensates plaintiff for her injury.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.