■ NATALIE CANNIZZO et al., Respondents, v SINGHARETNAM WIJEYASEKARAN et al., Defendants, and STRONG MEMORIAL HOSPITAL, Appellant. (Appeal No. 1.) [689 NYS2d 315] —Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Natalie Cannizzo (plaintiff), who suffers from kidney disease, received a kidney transplant in 1991 but rejected the kidney, resulting in its removal. In January 1995 plaintiff received a second kidney transplant. There was some evidence of rejection, and, on January 20, 1995, a biopsy was performed on the transplanted kidney by a nephrologist at defendant Strong Memorial Hospital (Strong). Strong's transplant team decided to do a second biopsy, which was performed a week later by a nephrology fellow under the guidance of a nephrologist. Ultrasound guidance was provided by an ultrasound technician and a radiologist, both employees of Strong.

Two days after the procedure, plaintiff was admitted to Strong in severe pain. An ultrasound revealed bleeding from the kidney and, on February 1, 1995, the transplanted kidney was removed. A pathology report indicated that the kidney had been lacerated.

At trial, plaintiff proceeded on theories of medical malpractice and lack of informed consent against Strong, the nephrolo-

gist and the nephrology fellow. Supreme Court dismissed the action against the nephrologist, and the jury concluded that the nephrology fellow who performed the second biopsy was not negligent. The jury found that Strong was negligent and that its negligence was the proximate cause of plaintiff's injuries. The court denied Strong's motion for judgment notwithstanding the verdict, concluding that there was sufficient evidence adduced at trial from which the jury could have found independent negligence on the part of Strong employees other than the nephrology fellow. We agree.

A hospital may be liable in malpractice despite a finding that the persons who performed the procedure were not negligent as long as there is evidence of independent negligence on the part of the hospital (*see, Gamell v Mount Sinai Hosp.,* 34 AD2d 981, 981-982). We agree with plaintiff that there was evidence from which the jury could have concluded that employees of Strong other than the nephrology fellow were negligent. There was testimony that, during the second biopsy, the needle was inserted in the middle rather than the lower part of the kidney, and that the radiologist and ultrasound technician were responsible for guiding the person performing the biopsy to the proper part of the kidney.

The judgment, however, must be reversed and a new trial granted against Strong because the court erred in its instructions to the jury on proximate cause with respect to the malpractice cause of action. The court instructed the jury to determine only whether defendants' negligence was the proximate cause of the removal of the transplanted kidney. The evidence at trial, however, suggested that the kidney was not viable and would have been removed in any event. Plaintiff's theory of liability was that the negligence of defendants deprived plaintiff of a substantial possibility of having a functioning kidney (*see, Stewart v New York City Health & Hosps. Corp.,* 207 AD2d 703, 704, *lv denied* 85 NY2d 809; *Brown v State of New York,* 192 AD2d 936, 937-938, *lv denied* 82 NY2d 654; *see also, Hughes v New York Hosp.-Cornell Med. Ctr.,* 195 AD2d 442, 444). The court erred in denying Strong's repeated request to so instruct the jury, and we cannot conclude that the error is harmless. (Appeal from Judgment of Supreme Court, Monroe County, Frazee, J.—Negligence.) Present—Green, J. P., Pine, Wisner, Pigott, Jr., and Balio, JJ.