■ RUSSELL KRAMER, Appellant, v EDENWALD CONSTRUCTION COMPANY et al., Respondents. (And a Third-Party Action.) [720 NYS2d 339] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about December 14, 1999, which, *inter alia*, denied plaintiff's motion to restore the action to the calendar, unanimously affirmed, without costs.

Plaintiff fails to show a reasonable excuse for his delay in prosecuting this now 13-year-old case which would warrant its restoration to the calendar (*see, Todd Co. v Birnbaum*, 182 AD2d 505, 506), nor was there a sufficient showing of merit and lack of prejudice to defendant. Concur—Sullivan, P. J., Andrias, Wallach, Saxe and Friedman, JJ.

■ JOHN V. JOHNSON, Appellant, v JEFFREY C. BENEZRA, Respondent. [719 NYS2d 849] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about April 2, 1999, which granted the defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

In this medical malpractice matter involving long-term psychiatric treatment, plaintiff's expert's affidavit, when considered in light of the entire factual record, sufficiently raised triable, material issues of fact regarding causation of injury as well as deviation from accepted practices. Such factual issues include whether defendant's intervention, allegedly pursued after plaintiff decided to terminate treatment, precipitated identifiable injuries to plaintiff's fragile psychological equilibrium and to his underlying condition (*see, Stewart v New York City Health & Hosps. Corp.*, 207 AD2d 703, 704, *lv denied* 85 NY2d 809; *Minelli v Good Samaritan Hosp.*, 213 AD2d 705, 706-707). Concur—Williams, J. P., Tom, Mazzarelli, Rubin and Saxe, JJ.