■ JOSEPH B. GAGLIARDO, as Administrator of the Estate of DOMINICK PALUMBO, Deceased, et al., Appellants, v JAMAICA HOSPITAL et al., Respondents. [732 NYS2d 353] —In an action to recover damages for medical malpractice and wrongful death, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Schmidt, J.), dated May 10, 2000, which, upon a jury verdict on the issue of liability, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Lowell Kane; as so modified, the judgment is affirmed, with costs to the plaintiffs payable by the defendant Lowell Kane, a new trial is granted with respect to that defendant, and the action against the remaining defendants is severed.

The jury found that the defendant Lowell Kane (hereinafter Dr. Kane), a urologist, deviated from accepted standards of medical practice by failing to perform a sonogram of the decedent's right testicle during an examination on February 7, 1985, which would have detected the testicular cancer that ultimately caused his death in June 1986. However, the jury found that Dr. Kane's negligence was not a substantial factor in causing the decedent's injuries and/or death. We agree with the plaintiffs that the Supreme Court erred in denying their request for a jury instruction that a deprivation of a substantial chance for a cure can constitute a proximate cause of a decedent's injuries and/or death. A rational interpretation of the evidence, which is in accord with the plaintiffs' theory of liability, suggests that Dr. Kane's negligence deprived the decedent of a substantial chance for a cure (*see, Cannizzo v Wijeyasekaran,* 259 AD2d 960, 961; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Jump v Facelle,* 275 AD2d 345). Since this error was not harmless, the plaintiffs are entitled to a new trial with respect to Dr. Kane.

The plaintiffs' remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Luciano, Smith and Crane, JJ., concur.