■ ANN ALLEN, Appellant, v BENJAMIN S. UH et al., Respondents. [919 NYS2d 179]—

The plaintiff contends that the trial court erred in denying her motion pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial in the interest of justice based on several errors committed by the trial court.

A motion pursuant to CPLR 4404 (a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise (*see Matter of De Lano*, 34 AD2d 1031, 1032 [1970], *affd* 28 NY2d 587 [1971]; *see also Rodriguez v City of New York*, 67 AD3d 884, 885 [2009]; *Gomez v Park Donuts*, 249 AD2d 266, 267 [1998]). The trial court must decide whether substantial justice has been done, and must look to common sense, experience, and sense of fairness in arriving at a decision (*see Micallef v Miehle Co., Div. of Miehle-Goss Dexter*, 39 NY2d 376, 381 [1976]; *Bush v International Bus. Machs. Corp.*, 231 AD2d 465 [1996]). Here, the trial court did not err in denying the plaintiff's motion. The issues raised by the plaintiff did not constitute error, and did not deprive her of substantial justice.

Contrary to the plaintiff's contention, testimony offered

regarding the effects of smoking on her injuries was based on facts in the record and expert analysis, not mere speculation. Accordingly, the trial court did not err in denying the plaintiff's application to strike the testimony of the defendants' witnesses regarding the effects of smoking (*see Plainview Water Dist. v Exxon Mobil Corp.*, 66 AD3d 754 [2009]; *Shi Pei Fang v Heng Sang Realty Corp.*, 38 AD3d 520 [2007]), and in refusing to preclude defense counsel from commenting in summation on smoking as a cause of the plaintiff's injury.

The court properly declined the plaintiff's request to add the phrase "in any way" to certain questions on the verdict sheet, where the questions, as set forth, were clear. The trial court also properly declined to include a separate reference to a departure from accepted practice based solely on the alleged failure of the defendant doctor to prescribe antibiotics, as there was no proof in the record that he should have prescribed antibiotics absent a wound culture (*see Spagnole v Staten Is. Univ. Hosp.*, 77 AD3d 816 [2010]; *Restagno v Horwitz*, 46 AD3d 533, 534-535 [2007]; *Marzuillo v Isom*, 277 AD2d 362 [2000]).

Further, the trial court did not err in declining to charge the jury that a deprivation of a substantial chance for a cure can constitute a substantial factor contributing to a decedent's injuries and/or death. "Where there is sufficient evidence to support it, plaintiffs are entitled to a jury instruction that a deprivation of a substantial chance for a cure can constitute a substantial factor contributing to a decedent's injuries and/or death" (NY PJI 2:150, Comment, XII; *see also Gagliardo v Jamaica Hosp.*, 288 AD2d 179, 180 [2001]; *Cannizzo v Wijeyasekaran*, 259 AD2d 960 [1999]; *Jump v Facelle*, 275 AD2d 345, 346 [2000]). Here, however, no rational interpretation of the evidence suggested that the defendant doctor's negligence deprived the plaintiff of a substantial chance for a cure. Accordingly, the trial court did not err in declining to so charge the jury.

Since the plaintiff did not take exception to the trial court's failure to include detailed and separate interrogatories as to each alleged departure from the standard of care, that issue is not preserved for appellate review (*see Vittorio v U-Haul Co.*, 77 AD3d 917, 918 [2010]; *Laboda v VJV Dev. Corp.*, 296 AD2d 441 [2002]).

The plaintiff's remaining contentions are without merit. Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur.