# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**804.3**
**CA 10-01418**
PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND GREEN, JJ.

MARCIA A. WILD, THOMAS F. HORN, AS CO-EXECUTORS
OF THE ESTATE OF MARGUERITE HORN, DECEASED, AND
JOSEPH HORN, PLAINTIFFS-RESPONDENTS,

                    V                                    MEMORANDUM AND ORDER

CATHOLIC HEALTH SYSTEM, DOING BUSINESS AS
MERCY HOSPITAL OF BUFFALO, ET AL., DEFENDANTS,
BUFFALO EMERGENCY ASSOCIATES, LLP AND RAQUEL
MARTIN, D.O., DEFENDANTS-APPELLANTS.

DAMON MOREY LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

PAUL WILLIAM BELTZ, P.C., BUFFALO (DEBRA A. NORTON OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

-------------------------------------------------------------------------------------------------------------

   Appeal from a judgment of the Supreme Court, Erie County (Tracey
A. Bannister, J.), entered April 6, 2010 in a medical malpractice
action. The judgment awarded plaintiffs money damages against
defendants Buffalo Emergency Associates, LLP and Raquel Martin, D.O.

   It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by granting that part of the post-
trial motion to set aside the verdict and for a new trial with respect
to the award of damages for loss of consortium only, and as modified
the judgment is affirmed without costs and a new trial is granted on
that element of damages only unless plaintiffs, within 20 days of
service of a copy of the order of this Court with notice of entry,
stipulate to reduce the award of damages for loss of consortium to
$200,000, in which event the judgment is modified accordingly and as
modified the judgment is affirmed without costs.

   Memorandum: Marguerite Horn (decedent) was treated at defendant
Catholic Health System, doing business as Mercy Hospital of Buffalo
(Mercy Hospital), after her husband, plaintiff Joseph Horn, discovered
that she was unresponsive. Although decedent regained consciousness,
she again became unresponsive when she suffered a seizure while at
Mercy Hospital. After decedent developed respiratory problems,
defendant Raquel Martin, D.O., the emergency room physician treating
decedent, concluded that decedent needed to be intubated. Following
two unsuccessful attempts by Dr. Martin to place an endotracheal tube
in decedent's throat, Dr. Martin directed at least two other persons
to attempt to place the tube. When those attempts failed, an

anesthesiologist was summoned, and he successfully intubated decedent. At some point during the intubation procedure, Dr. Martin and others observed a subcutaneous emphysema under decedent's skin, but it was not until several days later that physicians discovered that decedent's esophagus had been perforated during the intubation procedure.  The perforation could not be repaired, and a feeding tube therefore was inserted into decedent's stomach.  As a result, decedent was never again able to consume solid foods or liquids normally.

Decedent and her husband commenced this medical malpractice action against multiple defendants seeking damages for the perforated esophagus and the injuries related thereto.  Following decedent's death from causes unrelated to the alleged malpractice, plaintiffs Marcia A. Wild and Thomas F. Horn were substituted as plaintiffs in their capacity as co-executors of decedent's estate.  The matter proceeded to trial and the jury, having found that only Dr. Martin was negligent, awarded $500,000 for decedent's pain and suffering and $500,000 for her husband's derivative cause of action.

We reject the contention of Dr. Martin and her partnership, defendant Buffalo Emergency Associates, LLP (collectively, defendants), that Supreme Court exhibited bias in favor of plaintiffs or abused its "broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary" (*Carlson v Porter* [appeal No. 2], 53 AD3d 1129, 1132, *lv denied* 11 NY3d 708 [internal quotation marks omitted]).  We agree with defendants, however, that the court erred in permitting plaintiffs to attempt to impeach defendants' expert during plaintiffs' cross-examination of that expert by playing an instructional DVD that he had helped to edit and finance, inasmuch as the expert testified that he did not accept the DVD as authoritative (*see Winiarski v Harris* [appeal No. 2], 78 AD3d 1556, 1557-1558).  Under the circumstances of this case, however, we conclude that the error does not warrant reversal (*see id.*).

Defendants further contend that the court erred in charging the jury with respect to proximate cause and, although we agree, we conclude that the error is harmless.  The claims against defendants fell into two categories.  The first category was that Dr. Martin was negligent during the intubation procedure, thereby causing the perforated esophagus (commission theories), and the second category was that she failed to chart or to follow up on the perforation, thereby causing a delay in the diagnosis of the perforation and depriving decedent of some possibility that the perforation could be repaired and the feeding tube avoided (omission theories).  The claims against the other defendants were all based on their failure to diagnose and to treat the perforated esophagus.

In instructing the jury on causation, the court used only the loss of chance instruction (*see generally* 1 NY PJI3d 2:150, at 846-848 [2011]; *Jump v Facelle*, 275 AD2d 345, 346, *lv dismissed* 95 NY2d 931, *lv denied* 98 NY2d 612; *Cannizzo v Wijeyasekaran*, 259 AD2d 960, 961).  As defendants correctly conceded at oral argument of this appeal, that

instruction was entirely appropriate for the omission theories (*see e.g. Goldberg v Horowitz*, 73 AD3d 691, 694; *Flaherty v Fromberg*, 46 AD3d 743, 745-746; *Jump*, 275 AD2d at 346; *Stewart v New York City Health & Hosps. Corp.*, 207 AD2d 703, 704, *lv denied* 85 NY2d 809; *cf. Cannizzo*, 259 AD2d at 961).  We agree with defendants, however, that it was not an appropriate instruction for the commission theories.  With respect to those theories, the issue was whether the negligent act was a substantial factor in bringing about the injury, i.e., the perforated esophagus.  The standard charge on proximate cause found in PJI 2:70 conveys the proper legal standard for the commission theories of negligence and should have been given (*see* 1 NY PJI 2:150, at 816).

Under the circumstances of this case, the error in the jury charge on proximate cause does not warrant reversal.  Pursuant to CPLR 2002, "[a]n error in a ruling of the court shall be disregarded if a substantial right of a party is not prejudiced" (*see e.g. Stalikas v United Materials*, 306 AD2d 810, 811, *affd* 100 NY2d 626; *Murdoch v Niagara Falls Bridge Commn.*, 81 AD3d 1456, 1457-1458, *lv denied* ___ NY3d ___ [June 9, 2011]; *cf. Gagliardo v Jamaica Hosp.*, 288 AD2d 179, 180).  Here, no substantial right of defendants was prejudiced.  Even if the court had given the correct charge on causation for the commission theories, we conclude that the result would have been the same.  Under the commission theories, "a finding of negligence necessarily entailed a finding of proximate cause" inasmuch as it is undisputed that decedent's esophagus was perforated during the intubation procedure (*Young v Gould*, 298 AD2d 287, 288; *see Ahr v Karolewski*, 32 AD3d 805, 806-807; *Brenon v Tops Mkts.* [appeal No. 2], 289 AD2d 1034, 1034-1035, *lv denied* 98 NY2d 605; *Stanton v Gasport View Dairy Farm*, 244 AD2d 893, 894).  Thus, if the jury found that defendant was negligent based on one or more of the omission theories, then the instruction was proper and there was no error.  On the other hand, if the jury found that defendant was negligent based on one or more of the commission theories, then the error in the charge is harmless.

Even assuming, arguendo, that the error insofar as it concerned the commission theories is not harmless, we nevertheless would not reverse the judgment based on that error.  Although defendants' attorney conceded at oral argument of this appeal that the instruction on causation was proper for the omission theories, he contended that reversal was nevertheless required because the jury returned only a general verdict, and it therefore was unclear whether the verdict was based on the omission or commission theories.  We agree with defendants that reversal generally is required when a general verdict sheet has been used and there is an error affecting only one theory of liability.  Under those circumstances, appellate courts are forced to engage in speculation to determine whether the error affected the jury's verdict (*see generally Davis v Caldwell*, 54 NY2d 176, 179-180; *Cohen v Interlaken Owners*, 275 AD2d 235, 237; *Hanratty v City of New York*, 132 AD2d 596; *Jasinski v New York Cent. R.R.*, 21 AD2d 456, 462-463).  Here, however, reversal is not required because defendants, as the parties asserting an error resulting from the use of the general verdict sheet, failed to request a special verdict sheet or to object to the use of the general verdict sheet (*see Suria v Shiffman*, 67 NY2d

87, 96-97, *rearg denied* 67 NY2d 918; *Kahl v Loffredo*, 221 AD2d 679, 679-680).  Thus, we agree with the contention of plaintiffs' attorney at oral argument of this appeal that defendants may not now rely on the use of the general verdict sheet as a basis for reversal.

Finally, we agree with defendants that the award of $500,000 to decedent's husband for loss of consortium deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]).  Based on the evidence presented at trial, we conclude that an award of $200,000 is the maximum amount that the jury could have awarded.  We therefore modify the judgment accordingly, and we grant a new trial on damages for loss of consortium only, unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to reduce that award to $200,000, in which event the judgment is modified accordingly.

Entered:  June 17, 2011                        Patricia L. Morgan
                                               Clerk of the Court