Roeser v Essig (2019 NY Slip Op 08369)





Roeser v Essig


2019 NY Slip Op 08369


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Friedman, J.P., Renwick, Richter, Mazzarelli, Oing, JJ.


10375 805393/14

[*1] Michele Caruso Roeser, et al., Plaintiffs-Appellants,
v
Mitchell N. Essig, M.D., et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants.
Gerspach Sikoscow, LLP, New York (Alexander Sikoscow of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered January 26, 2018, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Mitchell M. Essig, M.D. (Essig) and Midtown Reproductive Medicine, P.C. (Midtown) for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion denied.
Essig and Midtown failed to make a prima facie showing that they adhered to good and accepted standards of medical practice when they did not advise plaintiff that her chances of conception by in vitro fertilization (IVF) would increase if she first had corrective surgery for her uterine condition. Their expert did not address uterine didelphys, and Essig's testimony about that condition was inconclusive and did not address the standard of care (see Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853 [1985]).
Essig and Midtown further failed to make a prima facie showing that their failure to advise plaintiff that surgical correction of her uterine anomoly could increase her chances of a successful pregnancy with IVF did not cause her chances of achieving a successful pregnancy with IVF to decrease. Although defendants' expert opined that corrective surgery of plaintiff's uterine septate would not have changed her chances of success through IVF, that opinion was predicated on the finding that plaintiff's chance of achieving a successful pregnancy was less than 5%, regardless of whether her uterine septum was corrected. Such a finding improperly assumes that because plaintiff's chances were already less than 5%, any further decrease was inconsequential. However, it is for a jury to determine whether any reduction in plaintiff's chances of achieving a successful pregnancy was "substantial" (Stewart v New York City Health & Hosps. Corp. , 207 AD2d 703, 704 [1st Dept 1994], lv denied 85 NY2d 809 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK