Heubish v Baez (2019 NY Slip Op 08826)





Heubish v Baez


2019 NY Slip Op 08826


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-05466
2017-06169
 (Index No. 3686/14)

[*1]Paul Heubish, appellant, 
v
Jorge Baez, et al., respondents, et al., defendant.


Gianfortune & Mionis, P.C. (Michelle S. Russo P.C., Port Washington, NY, of counsel), for appellant.
Angel & McCarthy PLLC, Mineola, NY (Angela Fabiano and Marcia S. Angel of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from (1) a judgment of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated March 7, 2017, and (2) an order of the same court entered March 21, 2017. The judgment, upon a jury verdict on the issue of liability, is in favor of the defendants Jorge Baez and Central Orthopedic Group, LLP, and against the plaintiff dismissing the complaint. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability in the interest of justice and for a new trial.
ORDERED that the judgment is affirmed; and it is further,
ORDERED that order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiff underwent total left knee replacement surgery on February 15, 2012, at the defendant Plainview Hospital. The surgery was performed by the defendant Jorge Baez, who was a member of the defendant Central Orthopedic Group, LLC (hereinafter Central Orthopedic). The plaintiff alleged, inter alia, that during the surgery, Baez failed to properly fit a prosthesis into his left knee, overstuffed his knee, and failed to provide good and accepted postoperative care, causing his medical condition to deteriorate, which ultimately resulted in the need for revision surgery.
The plaintiff commenced this action to recover damages for medical malpractice against Plainview Hospital, Baez, and Central Orthopedic. The action against Plainview Hospital was discontinued by stipulation dated July 15, 2015.
The matter proceeded to a jury trial. At the conclusion of the liability phase of the trial, the jury returned a verdict in favor of Baez and Central Orthopedic, finding that there was no medical malpractice regarding the placement of the prosthesis. By notice of motion dated December 15, 2016, the plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict in the interest [*2]of justice and for a new trial. A judgment dated March 7, 2017, upon the jury verdict, was entered in favor of Baez and Central Orthopedic and against the plaintiff dismissing the complaint. In an order entered March 21, 2017, the Supreme Court denied the plaintiff's motion to set aside the jury verdict in the interest of justice and for a new trial. The plaintiff appeals from the judgment and the order.
Pursuant to CPLR 4404(a), the court, upon the motion of any party or on its own initiative, may set aside a verdict "in the interest of justice." This "is predicated on the assumption that the Judge who presides at trial is in the best position to evaluate errors therein" (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381). "A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Allen v Uh, 82 AD3d 1025, 1025; see Morency v Horizon Transp. Servs., Inc., 139 AD3d 1021, 1023; Rodriguez v City of New York, 67 AD3d 884, 885). In considering such a motion, "[t]he Trial Judge must decide whether substantial justice has been done, whether it is likely that the verdict has been affected and must look to his [or her] own common sense, experience and sense of fairness rather than to precedents in arriving at a decision'" (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d at 381 [citation omitted], quoting Weinstein-Korn-Miller, NY Civ Prac ¶ 4404.11; see Morency v Horizon Transp. Servs., Inc., 139 AD3d at 1023; Allen v Uh, 82 AD3d at 1025). Here, we agree with the Supreme Court's denial of the plaintiff's motion. The issues raised by the plaintiff did not constitute error, and did not deprive him of substantial justice (see Allen v Uh, 82 AD3d at 1025).
Contrary to the plaintiff's contention, Baez's habit testimony as to how he performs knee replacement surgeries, including that the methodology for measuring and dissecting 10 millimeters of the patient's patella did not vary from patient to patient, that the manner in which he performed knee replacement surgeries was done in a deliberate, identical, and repetitive manner on every patient, and that he was in complete control of the circumstances concerning the measuring and dissection of the patient's patella, was properly admitted by the Supreme Court (see Rivera v Anilesh, 8 NY3d 627; Halloran v Virginia Chems., 41 NY2d 386). The evidence supported a finding that Baez's surgical techniques represented a deliberate and repetitive practice by a person in complete control of the circumstances (cf. Martin v Timmins, ___AD3d___, 2019 NY Slip Op 07391 [2d Dept 2019]).
The plaintiff's remaining contentions are either without merit or relate to harmless error.
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court