Wright-Perkins v Lyon (2020 NY Slip Op 06599)





Wright-Perkins v Lyon


2020 NY Slip Op 06599


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


604 CA 19-01308

[*1]THALIA WRIGHT-PERKINS AND CHARZELL PERKINS, PLAINTIFFS-RESPONDENTS,
v
ALBERT LYON, M.D., DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANT-APPELLANT.
BOTTAR LEONE, PLLC, SYRACUSE, POWERS & SANTOLA, LLP, ALBANY (MICHAEL J. HUTTER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeal from a judgment of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered June 3, 2019. The judgment, among other things, awarded plaintiffs damages as against defendant Albert Lyon, M.D. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this medical malpractice action asserting direct and derivative causes of action based on injuries sustained by Thalia Wright-Perkins (plaintiff) as a result of a caesarian section (c-section) performed by Albert Lyon, M.D. (defendant). The jury reached a verdict finding that defendant's negligence was a substantial factor in causing injury to plaintiff and awarded plaintiffs damages. Defendant moved pursuant to CPLR 4404 (a) to, inter alia, set aside the verdict and for judgment in his favor. Supreme Court denied the motion, defendant appeals, and we affirm.
We reject defendant's initial contention that the evidence is legally insufficient to support the jury's verdict that defendant's negligence was a substantial factor in causing plaintiff's injuries. It is well settled that, "[i]n order to find that a jury verdict is not supported by sufficient evidence as a matter of law, there must be 'no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (Doucette v Cuviello, 159 AD3d 1528, 1529 [4th Dept 2018]). "Th[at] is a 'basic assessment of the jury verdict' and prohibits a holding of insufficiency 'in any case in which it can be said that the evidence is such that it would not be utterly irrational for a jury to reach the result it has determined upon' " (Mazella v Beals, 27 NY3d 694, 705 [2016]). Here, it was plaintiffs' burden at trial " 'to show that defendant['s] conduct was a substantial causative factor in the sequence of events that led to [plaintiff's] injury' . . . [and] [t]hat showing need not be made with absolute certitude nor exclude every other possible cause of injury" (Koester v State of New York, 90 AD2d 357, 361 [4th Dept 1982]; see Burgos v Aqueduct Realty Corp., 92 NY2d 544, 550 [1998]).
At trial, plaintiffs' expert testified generally that a bowel can perforate when there is trauma or when there is an underlying condition or disease that may affect the bowel. According to plaintiffs' expert, plaintiff did not have any such underlying condition and did not have a surgery between the c-section and the time plaintiff's bowel perforation was discovered. Plaintiffs' expert opined that plaintiff's bowel was injured when defendant manipulated preexisting adhesions thereto by lifting plaintiff's uterus outside of her abdomen and/or by bluntly dissecting the adhesions. He testified that defendant's actions were a deviation from the [*2]standard of care and, either independently or in combination, were a substantial factor in causing plaintiff's injuries.
Contrary to defendant's contention, plaintiffs' expert had an adequate factual foundation for his opinion inasmuch as defendant's own operative report stated that defendant exteriorized plaintiff's uterus and that he removed adhesions (see generally Lugo v New York City Health & Hosps. Corp., 89 AD3d 42, 63 [2d Dept 2011]). Additionally, the failure of plaintiffs' expert to state with "exact specificity" whether plaintiff's injuries were caused only by exteriorizing the uterus or by removing the adhesions, or by a combination of both, was not fatal to plaintiffs' prima facie case (Turcsik v Guthrie Clinic, Ltd., 12 AD3d 883, 887 [3d Dept 2004]). The expert "offer[ed] sufficient evidence from which reasonable [people] might conclude that it is more probable th[a]n not that the injury was caused by . . . defendant" (id. [internal quotation marks omitted]). Indeed, plaintiffs' expert opined that plaintiff's injuries resulted from trauma, and specifically the surgery performed by defendant. Thus, on this record, we cannot conclude that the jury's verdict was utterly irrational with respect to the issue of proximate cause. To the extent that defendant's motion sought, in the alternative, to set aside the verdict as against the weight of the evidence and a new trial, we similarly cannot conclude that the verdict is against the weight of the evidence, i.e., that the evidence so preponderated in favor of defendant that the verdict " 'could not have been reached on any fair interpretation of the evidence' " (Dennis v Massey, 134 AD3d 1532, 1533 [4th Dept 2015]).
Although we agree with defendant that reversal generally is required when a general verdict sheet has been used and there is an error affecting only one theory of liability, "reversal is not required [here] because defendant[], as the part[y] asserting an error resulting from the use of the general verdict sheet, failed to request a special verdict sheet or to object to the use of the general verdict sheet" (Wild v Catholic Health Sys., 85 AD3d 1715, 1718 [4th Dept 2011], affd 21 NY3d 951 [2013]). Contrary to defendant's contention, he did not make the argument on his posttrial motion that he is making now, i.e., that even if plaintiffs offered legally sufficient proof of causation, that proof related to only one of plaintiffs' theories of liability and therefore rendered the use of a general verdict sheet improper. Thus, we conclude that defendant "may not now rely on the use of the general verdict sheet as a basis for reversal" (id.).
We further reject defendant's contention that the court erred in limiting the testimony of his expert. It is well settled that the
" 'admissibility and bounds of expert testimony are addressed primarily to the sound discretion of the trial court' " (Price v New York City Hous. Auth., 92 NY2d 553, 558 [1998]; see generally Mazella, 27 NY3d at 709). Here, upon our review of the record, including the court's discussion with the parties outside the presence of the jury, we conclude that the court did not abuse its discretion in limiting the expert's testimony inasmuch as the proposed testimony was based on conjecture and speculation (see generally Zammiello v Senpike Mall Co., 5 AD3d 1001, 1002 [4th Dept 2004]).
Finally, we have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court