Pace v Crouse Health Hosp., Inc. (2025 NY Slip Op 04410)

Pace v Crouse Health Hosp., Inc.

2025 NY Slip Op 04410

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

568 CA 24-01524

[*1]RONALD PACE, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF GERALDINE M. PACE, DECEASED, PLAINTIFF-RESPONDENT-APPELLANT,
v
CROUSE HEALTH HOSPITAL, INC., ET AL., DEFENDANTS, AND SCOTT BRADLEY, M.D., DEFENDANT-APPELLANT-RESPONDENT. 

SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
FISCHER & REDAVID, PLLC, PORT JEFFERSON (JORDAN S. REDAVID OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 

 Appeal and cross-appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), dated August 16, 2024 in a medical malpractice action. The order, among other things, denied in part the motion of defendant Scott Bradley, M.D. to set aside the jury's verdict. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, individually and as administrator of the estate of Geraldine M. Pace, his wife (decedent), commenced this medical malpractice action seeking damages for injuries allegedly sustained by decedent as a result of defendants' negligence in the care and treatment of decedent while she was a patient of a rehabilitation facility after having undergone orthopedic surgery. After a trial, the jury determined that defendant Scott Bradley, M.D., was negligent in the care and treatment of decedent and that his negligence was a substantial factor in causing injury to decedent and awarded $5,000,000 for decedent's pain and suffering and $2,000,000 for plaintiff's derivative cause of action. Defendant made a posttrial motion seeking an order setting aside the verdict and either directing that judgment be entered in his favor as a matter of law and dismissing the complaint or ordering a new trial "on the ground that the verdict against [him] was against the weight of the evidence and/or in the interest of justice." As a further alternative, defendant sought an order granting "a new trial . . . at the very least on the issue of damages," unless plaintiff stipulated to a reduced amount of damages. Supreme Court granted the motion in part by ordering a new trial on the issue of damages unless within 30 days of entry of the order, plaintiff consented to specific reductions of the jury's damages awards for decedent's pain and suffering and plaintiff's derivative cause of action and otherwise denied the motion. After plaintiff refused to stipulate to a reduction in the damage awards, a second trial was held on the issue of damages only. The jury awarded $1,200,000 for decedent's pain and suffering and $350,000 for plaintiff's derivative cause of action. As limited by his brief, defendant appeals from so much of the order as denied his motion to set aside the verdict and plaintiff cross-appeals from so much of the order as directed a new trial on damages unless he stipulated to the specified reductions of the verdict. We affirm.
Contrary to defendant's contention on his appeal, we conclude that the jury verdict with respect to liability is not against the weight of the evidence inasmuch as it cannot be said that "the evidence at trial so preponderated in favor of [defendant] that the verdict could not have been reached on any fair interpretation of the evidence" (Revere v Burke, 229 AD3d 1212, 1213 [4th Dept 2024], lv dismissed 42 NY3d 1047 [2024] [internal quotation marks omitted]; see [*2]generally Monzon v Porter, 173 AD3d 1779, 1780 [4th Dept 2019]). Plaintiff presented expert testimony that defendant deviated from the applicable standard of care by continuing certain rehabilitation activities that resulted in the worsening of decedent's condition and the ultimate need for a second surgery. Contrary to defendant's further contention, we conclude that plaintiff's expert, a board-certified orthopedic surgeon, was qualified to offer an opinion about defendant's performance as a physiatrist, in care and treatment of decedent, inasmuch as the expert possessed the requisite skill, training, knowledge, and experience to render a reliable opinion with respect to the standard of care applicable in this case (see Fay v Satterly, 158 AD3d 1220, 1221 [4th Dept 2018]; Diel v Bryan, 71 AD3d 1439, 1440 [4th Dept 2010]).
Defendant further contends on his appeal that a new trial is warranted in the circumstances of this case because the court gave the jury a general verdict sheet. We reject that contention. Generally, reversal is required when a general verdict sheet has been used and there is an error affecting only one theory of liability (see Wild v Catholic Health Sys., 85 AD3d 1715, 1718 [4th Dept 2011], affd 21 NY3d 951 [2013]; Wright-Perkins v Lyon, 188 AD3d 1604, 1606 [4th Dept 2020]). Here, however, reversal is not required because defendant, as the party asserting an error resulting from the use of the general verdict sheet, failed to request or offer a special verdict sheet with multiple liability questions or to sufficiently object to the use of a general verdict sheet by the court (see Wild, 85 AD3d at 1718; Wright-Perkins, 188 AD3d at 1606). Thus, defendant may not now rely on the use of the court's general verdict sheet as a basis for reversal (see Wild, 85 AD3d at 1718; Wright-Perkins, 188 AD3d at 1606).
Plaintiff contends on his cross-appeal that the court erred in directing a new trial on damages unless plaintiff stipulated to the specified reductions of the verdict. We conclude that plaintiff waived review of that contention because plaintiff did not obtain appellate review of the court's remittitur before the second damages trial was held (see Oakes v Patel, 20 NY3d 633, 643 [2013]). Here, plaintiff could have consented to defendant's multiple requests to stay the second damages trial pending this appeal. Plaintiff, however, refused to do so, and instead insisted on proceeding to the second trial, which was completed before his cross-appeal was argued before this Court. Plaintiff elected his remedy in the second damages trial, which results in his waiver of the pursuit of the cross-appeal (see id.).
Finally, we have reviewed defendant's remaining contentions and conclude that they do not warrant modification or reversal of the order.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court