Roy v Lent (2023 NY Slip Op 04147)

Roy v Lent

2023 NY Slip Op 04147

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-01590
 (Index No. 69313/18)

[*1]Anitha Roy, et al., appellants,
v
David Lent, etc., et al., respondents.

Anitha Roy and Roy Philip, Yonkers, NY, appellants pro se.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Judy C. Selmeci of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated January 7, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice and lack of informed consent against the defendant David Lent, an orthopedist with the defendant Southern Westchester Orthopedics & Sports Medicine Assoc., P.C. The plaintiffs alleged that the defendants negligently diagnosed the left ankle of the plaintiff Anitha Roy (hereinafter the injured plaintiff) as a sprain rather than as a fracture. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In an order dated January 7, 2021, the Supreme Court granted the motion. The plaintiffs appeal.
"A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (Paglinawan v Ing-Yann Jeng, 211 AD3d 743, 744 [internal quotation marks omitted]; see Zabary v North Shore Hosp. in Plainview, 190 AD3d 790, 792-793). Once the defendant meets its prima facie burden, the plaintiff must demonstrate in opposition "'the existence of a triable issue of fact as to the elements with respect to which the defendant has met its initial burden'" (Boltyansky v New York Community Hosp., 175 AD3d 1478, 1478, quoting Michel v Long Is. Jewish Med. Ctr., 125 AD3d 945, 945-946). Where a medical malpractice plaintiff also alleges lack of informed consent, the plaintiff must also prove "(1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (Gilmore v Mihail, 174 AD3d 686, 688 [internal quotation marks omitted]; see Khosrova v Westerman, 109 AD3d 965, 966).
Here, in support of their motion the defendants submitted, inter alia, affirmations from a board-certified orthopedic surgeon and a board-certified radiologist who opined that the defendants did not depart from the applicable standard of care in their treatment of the injured plaintiff, and that, in any event, none of the care provided by the defendants was a proximate cause of any of the injured plaintiff's claimed injuries (see Wijesinghe v Buena Vida Corp., 210 AD3d 824, 826; Capobianco v Marchese, 125 AD3d 914, 915-916). Specifically, both experts opined that both Lent's diagnosis and his treatment approach of a left sprained ankle were correct and fully in conformity with the standard of care, that the physical therapy the plaintiff received was also appropriate and in conformity with the standard of care, and that surgery was not an indicated course of treatment. In opposition, the plaintiffs failed to raise a triable issue of fact, as they did not submit an expert affidavit (see Malefakis v Jazrawi, 209 AD3d 727, 727-728). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DUFFY, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court