Belotti v Northern Westchester Hosp. (2024 NY Slip Op 04121)

Belotti v Northern Westchester Hosp.

2024 NY Slip Op 04121

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2020-06171
 (Index No. 59267/16)

[*1]Joan Belotti, etc., appellant, 
v
Northern Westchester Hospital, et al., respondents, et al., defendants.

Blau Leonard Law Group, LLC, Huntington, NY (Steven Bennett Blau of counsel), for appellant.
Vouté, Lohrfink, McAndrew, Meisner & Roberts LLP, White Plains, NY (Jonathan Weinstein of counsel), for respondents David Zuckerberg and Northern Westchester Emergency Medical Associates, PLLC.
Wilson Elser Moskowitz Edelmen & Dicker LLP, White Plains, NY (Roland T. Koke of counsel), for respondent Northern Westchester Hospital.
Phelan, Phelan & Danek, LLP, Albany, NY (Timothy S. Brennan of counsel), for respondents Barbara Polowczyk and Emergency Medical Association of New York, P.C.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains, NY (Samantha E. Quinn of counsel), for respondent Greg L. Caparaso.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from stated portions of an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated June 24, 2020. The order, inter alia, granted those branches of the motion of the defendants Joseph N. Ponticiello, David Zuckerberg, and Northern Westchester Emergency Medical Associates, PLLC, which were for summary judgment dismissing the second amended complaint insofar as asserted against the defendants David Zuckerberg and Northern Westchester Emergency Medical Associates, PLLC, granted that branch of the separate motion of the defendants Northern Westchester Hospital and Gaurav Malhotra which was for summary judgment dismissing the second amended complaint insofar as asserted against the defendant Northern Westchester Hospital, granted those branches of the separate motion of the defendants Aimee Pathyil, Barbara Polowczyk, and Emergency Medical Association of New York, P.C., which were for summary judgment dismissing the second amended complaint insofar as asserted against the defendants Barbara Polowczyk and Emergency Medical Association of New York, P.C., and granted the separate motion of the defendant Greg L. Caparaso for summary judgment dismissing the second amended complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
On January 21, 2016, the plaintiff's decedent obtained care in the emergency department of the defendant Northern Westchester Hospital (hereinafter the Hospital), where it was determined that he had suffered a stroke. The decedent commenced this action alleging medical malpractice against the various physicians and entities involved in his care. He alleged, among other things, that the defendants failed to timely diagnose stroke, failed to timely conduct diagnostic testing, and failed to treat him with tissue-type plasminogen activator (tPA) and surgical clot retrieval. The decedent died after this action was commenced, and the plaintiff, as the administrator of the decedent's estate, was substituted for him. In an order dated June 24, 2020, the Supreme Court, inter alia, granted certain defendants' motions for summary judgment dismissing the second amended complaint insofar as asserted against each of them. The plaintiff appeals from stated portions of that order.
A defendant seeking summary judgment in a medical malpractice action must establish, prima facie, either that there was no departure from the applicable standard of care, or that any alleged departure did not proximately cause the plaintiff's injuries (see Roy v Lent, 219 AD3d 525). Here, the Hospital and the defendants David Zuckerberg, Northern Westchester Emergency Medical Associates, PLLC (hereinafter NWEMA), Barbara Polowczyk, Emergency Medical Association of New York, P.C. (hereinafter EMANY), and Greg L. Caparaso established their respective prima facie entitlement to judgment as a matter of law by the submission of extensive medical records, deposition testimony transcripts, and expert affirmations, which established, to a reasonable degree of medical certainty, that each of those defendants did not depart from the accepted standard of care and that, in any event, no action or inaction by any of them was a proximate cause of the decedent's injuries (see generally Alvarez v Prospect Hosp., 68 NY2d 320).
The plaintiff's expert's affidavit submitted in opposition was based on facts not supported by the evidence (see Abrams v Bute, 138 AD3d 179, 196), and failed to refer to a foundational scientific basis for the expert's conclusions (see Romano v Stanley, 90 NY2d 444, 452). The plaintiff therefore failed to raise a triable issue of fact as to any departure from the standard of care, as her expert's affidavit failed to controvert the opinions of the experts submitted in support of the motions that treatment with tPA and surgical clot retrieval were both contraindicated for the decedent (see Shallash v New Is. Hosp., 66 AD3d 988; Flanagan v Catskill Regional Med. Ctr., 65 AD3d 563). The plaintiff's expert's affidavit also failed to raise a triable issue of fact as to whether any alleged delay in diagnosis and treatment of stroke was a proximate cause of the decedent's injuries (see Pichardo v Herrera-Acevedo, 77 AD3d 641). Accordingly, the Supreme Court properly awarded summary judgment to the Hospital, Zuckerberg, NWEMA, Polowczyk, EMANY, and Caparaso dismissing the second amended complaint insofar as asserted against each of them.
The plaintiff's remaining contentions are without merit.
CONNOLLY, J.P., IANNACCI, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court